MᶜCORMACK *v.* THE TERRE HAUTE AND RICHMOND RAILROAD COMPANY.

| . 9 | 283 |
|---|---|
| 140 | 202 |
| 9 | 283 |
| 155 | 109 |
| 9 | 288 |
| 162 | 2ỉ8 |

The manner of proceeding against the *Terre Haute and Richmond Railroad Company*, for entering upon, taking possession of and using land, &c., is prescribed by sec. 3, chap. 50, Local Laws of 1849.

Where the statute authorizes property to be taken, and points out a specific mode by which, and a particular Court in which, redress shall be sought, the statutory remedy must be pursued.

APPEAL from the *Hendricks* Circuit Court.

STUART, J.—In *February*, 1855, *McCormack* filed his petition in the *Hendricks* Circuit Court, setting forth that he was the owner of certain lands in *Hendricks* county (describing them); that the railroad company had taken and

*Saturday,*
*June 6.*

May Term,
1857.

McCormack
v.
The Terre
Haute and
Richmond
Railr'd Co.

appropriated to its own use, a strip of said lands six rods wide, and extending across an entire quarter-section from west to east—claiming the, right to do so under an act to incorporate said company, approved *January* 26, 1847; that by such appropriation he is obstructed and injured in passing across the road to the other parts of his lands in the same tract, lying south of the railroad. He claimed damages in all to the amount of 1,000 dollars.

He therefore prayed a writ directed to the sheriff of *Hendricks* county, commanding him to cause his damages by reason of the premises to be assessed by a jury of not less than six men, &c.

The writ was accordingly issued, notice given to the company, and an assessment of 375 dollars was made and returned into Court. In this respect, *Mc Cormack* seemed to think he had a right to proceed under 2 R. S. p. 193.

At the next term, the railroad company appeared by attorney, and moved to set aside the writ and all proceedings under it. This motion the Court sustained.

The railroad company then filed a demurrer to the petition, assigning for cause that the Court had no jurisdiction, and that the complaint did not contain sufficient facts. Demurrer sustained, and judgment for the company. To this ruling *Mc Cormack* excepted, and prayed an appeal.

The only question is, had *Mc Cormack* a right to proceed against the railroad company under the Revised Statutes, *supra ?*

The case of *Eward* v. *The Lawrenceburgh and Upper Mississippi Railroad Company*, 7 Ind. R. 711, is entirely different from the case made here, as will be seen in the sequel. The cases of *The Lafayette Railroad Company* v. *Smith*, 6 Ind. R. 249, and *The New Albany and Salem Railroad Company* v. *Connelly*, 7 Ind. R. 32, are more like this in principle.

The act incorporating the company is chapter 23, Local Laws of 1847, p. 77. The 37th section declares it to be a public act. The Courts will therefore take notice of its provisions judicially.

The 15th section relates to the mode of procuring the right of way, and is in these words: "That in all cases where any person through whose land the road may run, shall refuse to relinquish the same, or where a contract between the parties cannot be made, it shall be lawful for the corporation to give notice to some justice of the peace in the county where the difficulties may occur, that such facts do exist, and such justice of the peace shall thereupon summon the owner of such land to appear before him on a particular day, within ten days thereafter, and shall appoint twelve disinterested persons of the neighborhood, who shall, after taking an oath, faithfully and impartially," &c. It closes with this proviso: "that either party may appeal to the Circuit Court, and such Court shall appoint reviewers, as above directed, who may report at that or the succeeding term, and the judgment of the Circuit Court shall be final."

By an amendatory act, approved in *January*, 1849, a different provision is made. Section 3, Local Laws of 1849, p. 92. The 15th section is repealed, and it is provided that the party aggrieved may institute proceedings before a magistrate. The words are that the person injured shall make written complaint before the nearest justice of the peace.

Where the statute authorizes property to be taken, and points out a specific mode by which, and a particular Court in which, redress shall be sought, the statutory remedy must be pursued. 1 Ind. R. 285.—2 *id.* 558.

It follows that the Circuit Court had no jurisdiction, except as an appellate Court, as in other cases.

*Per Curiam.*—The judgment is affirmed with costs.

*C. C. Nave*, for the appellant.

*H. C. Newcomb* and *J. S. Harvey*, for the appellees.