Filed May 12, 1887.

————◆————

No. 13,579.

## ORR *v.* MEEK, ADMINISTRATOR.

PHYSICIAN.—*License.*—*Compensation.*—One who undertakes to practice the profession of medicine, without the license required by statute, can not recover compensation for his services.

SAME.—*License Required for Each County in Which Physician Practices.*—A physician, who has obtained a license in one county, can not regularly engage in practice in another county without taking out another license.

STATUTE.—*Construction.*—*Forms.*—A form prescribed by statute is an essential and controlling part of the statute.

From the Fayette Circuit Court.

*C. A. Murray, R. Conner* and *H. L. Frost,* for appellant. *J. I. Little* and *D. W. McKee,* for appellee.

ELLIOTT, C. J.—In the recent case of *Eastman* v. *State,* 109 Ind. 278, we held, after a full examination of the authorities, that the act requiring physicians and surgeons to obtain a license was constitutional, and it is unnecessary to again discuss that question. In the investigation of the case re-ferred to, we found that the authorities were harmonious in holding acts like ours to be valid and enforceable.

The cases agree in holding that one who undertakes to practice the profession of medicine without the license required by statute can not recover compensation for his services (*Eastman* v. *State, supra,* and cases cited), and section 5 of the act of April 11th, 1885, expressly declares that no

recovery can be had for medical services unless a license has been taken out.

What we have said disposes of two of the questions discussed by counsel, and leaves for examination this question: Can a physician, who has regularly obtained a license in one county, practice in another county without taking out another license?

Section 2 of the act of April 11th, 1885, provides, among other things, that "Any person desiring to practice medicine, surgery or obstetrics in this State, shall procure from the clerk of the circuit court of the county wherein he or she desires to practice a license so to do."

Section 4 provides that "Any person who shall practice medicine, surgery or obstetrics in this State without having first procured from the clerk of the circuit court of the county wherein he or she shall so practice a license, as provided in this act, shall be deemed guilty of a misdemeanor."

We can perceive no reason for doubting the correctness of the construction placed upon this statute by the trial court, for it seems clear that a license must be taken out in the county where the physician practices. If, however, there were any doubt as to the meaning of the two sections from which we have quoted, that doubt is removed by the form of the license given in section 6, for the form provides that the person to whom it is issued " is hereby authorized to practice medicine, surgery or obstetrics in said county." Acts of 1885, p. 199.

It was held in *Wasson* v. *First Nat'l Bank,* 107 Ind. 206, that a form prescribed by statute is an essential and controlling part of the statute, and it must be so held here. The conclusion that the right to regularly practice is restricted to the county in which the license is issued, is irresistible, for the whole scope of the statute, as well as the form prescribed, very clearly shows that the license is confined to the county in which it is procured.

It may be that there are cases where the courts would hold

that the statute does not apply in its full rigor, as where there is an emergency demanding prompt action, or where there is a professional visit for consultation, or the call is made because' of some special skill or ability of the physician, in a particular branch of his profession; but we have here the case of a physician, regularly practicing his profession, and rendering services as in ordinary cases, in a county different from that in which he obtained his license, and to such a case we must apply the statute. If there was any reason for excluding the appellant's case from the general force and effect of the statute, he should have made that reason clearly appear. *Tilford* v. *State*, 109 Ind. 359.

Judgment affirmed.

Filed May 13, 1887.