## Boyd, Administrator, v. The Brazil Block Coal Company.

[No. 2,279.   Filed April 28, 1898.   Rehearing denied June 22, 1900.]

ACTION.—*Statutory Right.*—When a new right or proceeding is created by statute, and a mode prescribed for enforcing it, that mode must be pursued to the exclusion of all others. *p. 162.*

MINES AND MINING.—*Death by Wrongful Act.*—*Statute Construed.*—*Parties.*—Under the act of 1891 (Acts 1891, p. 57) relating to coal mining, vesting the right of action for recovery for death of employe in certain persons therein named, the administrator of a deceased employe of a coal mining company, operated under the provisions of said act, cannot maintain an action for the death of such employe caused by the caving in of the mine. *pp. 160, 163.*

From the Clay Circuit Court.   *Affirmed.*

*S. D. Coffey, Albert Payne* and *J. T. Dye,* for appellant.
*Geo. A. Knight,* for appellee.

COMSTOCK, J.—This cause was transferred to the Supreme Court for the reason that counsel claimed a constitutional question was involved.   The Supreme Court ordered its return to this court upon the ground that no constitutional question was properly presented.

This action is prosecuted by the appellant, John Boyd, as administrator of the estate of John W. Elliott, deceased, under §285 Burns 1894, to recover damages for the benefit of Elliott's children on account of a personal injury sustained in a coal mine, which resulted in his death.   The complaint consists of three paragraphs.

The court sustained a demurrer to each paragraph of the complaint, and rendered judgment against plaintiff for costs.   This ruling of the court is assigned as error.

The first paragraph of complaint is based upon §§7466, 7473 Burns 1894.

Section 7466, *supra,* provides "that the owner, operator, agent, or lessee of any coal mine in this State shall keep a

sufficient supply of timber at the mine, and the owner, operator, agent or lessee shall deliver all props, caps and timbers (of proper length) to the rooms of the workmen when needed and required, so that the workmen may at all times be able properly to secure the workings from caving in."

Section 7473, *supra*, provides "that for any injury to person or persons or property occasioned by any violation of this act, or any wilful failure to comply with any of its provisions, a right of action against the owner, operator, agent or lessee shall accrue to the party injured for the direct injury sustained thereby," etc.

This paragraph of the complaint alleges, in substance, that at the time of the injury complained of, and for a long time prior thereto, the appellee was a corporation organized under the laws of the State for mining purposes, and was engaged in mining coal in Clay county, employing in the mine where the deceased received his fatal injury more than 100 men; that the deceased was in its employ as a coal miner, as its servant, by reason of which it was the duty of the appellee to use reasonable diligence to furnish him a safe place in which to work, and to that end it became and was the duty of the appellee to keep a sufficient supply of timber at said mine and to deliver at the room in said mine, where said Elliott was engaged in mining coal, all. props, caps, and timber of proper length needed and required by him in properly securing his working place in said room from caving in and crushing him; that the appellee wholly neglected and failed to perform and discharge its duty in that behalf, but, on the contrary, wilfully, carelessly, and negligently omitted and refused to deliver at the room and working place, where the said Elliott was at the date aforesaid engaged in mining coal, all props, caps, and timbers, of proper length, needed by him so as to enable him properly to secure his working place from caving in, or to deliver to him any timber whatever, although often

requested so to do; that on the 12th day of January, 1895, by reason of the fact that the roof of the room and working place where said Elliott was engaged in mining coal was not properly secured by timbers, by reason of the negligence of the appellee to furnish timbers for that purpose, the same caved in, fell upon and crushed the said Elliott, without any fault or negligence on his part, so that he soon thereafter died; that if the appellee had not negligently and carelessly omitted and refused to furnish and deliver to the said Elliott, at his room and working place, the timber necessary for that purpose, and had performed its duty in that behalf, the said Elliott could and would have secured the roof of said room and working place, and said injury would not have occurred; that at the time of said injury the said Elliott was in the exercise of due care and caution, and but a few minutes prior to his death had carefully examined said roof, and was wholly unable to find or detect any defect therein, and had no knowledge whatever of the defect which caused the same to cave in and crush him, and was wholly ignorant of the danger in which he was placed, said defect being latent and not discoverable by the usual and ordinary tests, but that said roof would and could have been secured against the possibility of caving in and crushing the deceased but for the negligence of the appellee as stated herein; that without said props, caps, and timbers so required to be furnished by the appellee, the working place of the said Elliott was unsafe and dangerous, which fact was known to the appellee, or by the use of ordinary care and diligence might have been known to it, and was unknown to the said Elliott; that at the time of his death the said Elliott left surviving him as his only heirs at law certain minor children, whose names are set out in the complaint.

The second paragraph of the complaint is based upon §§7472, 7473 Burns 1894. We have already set out so much of §7473 as is necessary to the question here presented.

Section 7472 is as follows: "That the mining boss shall visit and examine every working place in the mine at least every alternate day while the miners of such place are, or should be at work, and shall examine and see that each and every working place is properly secured by props or timber, and that safety in all cases is assured, and, when found unsafe, he shall order and direct that no person shall be permitted in an unsafe place, unless it be for the purpose of making it safe. He shall see that a sufficient supply of props, caps, and timber are always on hand at the miners' working places."

In addition to the allegations contained in the first paragraph of the complaint, it is alleged in the second paragraph that it became and was the duty of the appellee to visit and examine, by its mining boss, every working place in its mine at least every alternate day while miners employed therein were or should be at work, and to examine and see that each and every working place therein was properly secured by props, or timbers, and that the safety was in all respects assured; and when any of said places were found to be unsafe, it was its duty to order and direct that no person should be permitted in such places unless for the purpose of making it safe; that it was its further duty to see that a sufficient supply of props, caps, and timber was always on hand at the miners' working places. These allegations are followed by the usual allegations of neglect to perform the duty, substantially as found in the first paragraph.

The third paragraph is drawn upon the theory that appellee purposely, wilfully, and intentionally violated the provisions of the mining statutes, and for that reason it is liable to appellant on account of the injury to his decedent occasioned thereby, without reference to any question of negligence on his part.

The first question to be determined in this appeal is whether, under the statutes, the personal representative of the deceased has any right of action. Counsel for appellee

insist that he has not, and for that reason, if for no other, the demurrer was by the lower court properly sustained to each paragraph of the complaint. The question is properly raised by the demurrer for want of facts. *Pence* v. *Aughe,* 101 Ind. 317; *Farris* v. *Jones,* 112 Ind. 498; *Wilson* v. *Galey,* 103 Ind. 257.

Section 7473 Burns 1894, §5480n Horner 1897, being section thirteen of the act of 1891, under which appellant has brought this action, provides: "That for any injury to person or persons or property occasioned by any violation of this act, or any wilful failure to comply with any of its provisions, a right of action against the owner, operator, agent or lessee shall accrue to the party injured for the direct injury sustained thereby, and in case of loss of life by reason of such violation; a right of action shall accrue to widow, children, or adopted children, or to the parents or parent, or to any other person or persons who were before such loss of life dependent for support on the person or persons so killed, for like recovery for damages for the injury sustained by reason of such loss of life or lives."

The language of this section clearly gives the right of action to certain parties named. In *Board, etc.,* v. *Davis,* 136 Ind. 503, on p. 520, the Supreme Court say as to the interpretation of statutes: "First of all * * * if the words are free from ambiguity and doubt, and express plainly, clearly and distinctly the sense of the framers of the instrument, there is no occasion to resort to other means of interpretation. It is not allowable to interpret what has no need of interpretation. The statute itself furnishes the best means of its own exposition."

Under our statute, unless otherwise provided, all suits must be brought in the name of the real party in interest. The estate of the deceased can have no interest in the provision made by the statute. It is not a claim due the estate. The right of action is given the widow, and it is not vested in any other than the beneficiaries therein named.

When a new right or proceeding is created by statute, and a mode prescribed for enforcing it, that mode must be pursued to the exclusion of all others. *Storms* v. *Stevens,* 104 Ind. 46.

In *Martin* v. *West,* 7 Ind. 657, "the plaintiff claims a right of action under section ten of an act approved March 4, 1853, entitled 'An act to regulate the retailing of spirituous liquors' " etc.   The act provided that no person should be permitted to retail spirituous liquors until giving bond conditioned for the keeping of an orderly house and for the payment of fines, penalties, and damages that might be incurred under the provisions of the act.   Section ten gave a right of action to any wife, child, parent, guardian, employer, or other person, who should be injured in person or property or means of support by any intoxicated person, or in consequence of the intoxication of any person in his own or her own name "against any person and his sureties on the bond aforesaid, who shall, by retailing spirituous liquors, have caused the intoxication of such person, for all damages sustained."   The court held that the statute pointed out the rule of proceeding, namely, by suit on the bond, and that the complaint was therefore defective.

Section fourteen of the act of the general assembly of Illinois, upon the subject of miners, entitled "An act to provide for the health and safety of persons employed in coal mines" approved March 27, 1872, R. S. 1874, p. 708, is in substantially the language of section thirteen of the act under consideration.

The right of action in case of the death of the husband, occasioned by the wilful violation of the act, is in the widow, etc.   The general act of Illinois for wrongful injuries resulting in death is in the personal representative.

In the case of *Litchfield Coal Co.* v. *Taylor,* 81 Ill. 592, which was an action brought under said act, appellee, in the commencement of the action, sued as administratrix of the estate of decedent, who was her husband.   Subsequently, on

motion, the court allowed the summons and declaration to be amended so that the action might proceed in the name of appellee as widow of the decedent. This amendment was assigned as error. In passing upon the question, the supreme court said: "We are satisfied that the widow was the proper person to bring the action. The fourteenth section of the act expressly authorizes her to bring the suit. Chapter seventy entitled 'Injuries,' R. L. 1874, p. 582, which authorizes an action in the name of the personal representatives did not repeal the fourteenth section of the act entitled 'Miners.' The former act is general, while the act in relation to miners may be regarded as special, and the latter must control as to all cases specially enumerated in the act itself, while the other act, being general, would embrace all other cases." See also, *McCormack* v. *Terre Haute, etc., R. Co.,* 9 Ind. 283; 1 Waite's Actions & Def., p. 42; *Ryan* v. *Ray,* 105 Ind. 101; *Bartlett* v. *Manor,* 146 Ind. 621; *Fisher* v. *Tuller,* 122 Ind. 31; *Gibbs* v. *City of Hannibal,* 82 Mo. 143; *McNamara* v. *Slavens,* 76 Mo. 329; *Spiva* v. *Osage Coal, etc., Co.,* 88 Mo. 72; *Shepard* v. *St. Louis, etc., R. Co.,* 3 Mo. App. 553.

We think the right of action is limited to the beneficiaries named in the act, and for this reason the judgment of the lower court must be affirmed.

The conclusion reached renders it unnecessary to pass upon the other alleged errors.

### DISSENTING OPINION.

HENLEY, J.—I desire at this time to dissent from the conclusion reached by the majority of the court, and express the opinion that the act under which this action was brought is unconstitutional for other reasons than those advanced by counsel for appellee in the case of *Maule Coal Co.* v. *Partenheimer,* 155 Ind. 100.