Mayfield v. Nale.

---

## MAYFIELD v. NALE.

[No. 3,402.    Filed February 14, 1901.]

PHYSICIANS.—*License.—Removal from One County to Another Within the State.*—A licensed physician who changes his residence from one county to another within this State without obtaining a new license in the county in which he proposes to reside, as provided by the act of 1897, as amended by the act of 1899 (Acts 1897, p. 255, Acts 1899, p. 247), cannot lawfully practice medicine in the county to which he removes, and he cannot maintain an action on an account for medical services rendered therein before obtaining a license.

From the Washington Circuit Court. *Affirmed.*

*Elliott & Houston,* for appellant.

*H. Morris* and *M. B. Hottel,* for appellee.

ROBINSON, J.—Appellant, a physician, sued appellee upon an account for professional services. Appellee had judgment.

In 1894 appellant began the practice of his profession in Washington county, Indiana, and continued for two years, when he removed to Clark county. In the summer of 1897 he obtained from the State Board of Medical Registration and Examination a certificate entitling him to practice medicine in Indiana. In December of that year he presented the certificate to the clerk of the circuit court of Clark county, and received a license to practice in that county. He continued to reside in Clark county until in June, 1899, when he removed to Washington county, where he has since resided. Appellee resides in Washington county, and during each day of the month of August, and on the 1st day of September, 1899, appellant professionally visited appellee and his family. The services were worth $200. During the time he rendered such services he had not been licensed by the clerk of the circuit court of Washington county, but afterwards, in November, 1899, he procured a license from such clerk. Upon these facts the trial court held appellant could not recover.

Certain sections of the act approved March 8, 1897 (Acts 1897, p. 255), were amended by the act approved March 3, 1899 (Acts 1899, p. 247), but the provisions here to be considered were unchanged.

By the provisions of the second section of the act approved March 8, 1897, and the act amendatory thereof approved March 3, 1899, the certificate granted by the State Board of Medical Registration and Examination entitles the holder to a license to practice in Indiana. The act further provides that upon the presentation of the certificate to the clerk of the county in which he resides he shall receive from the clerk a license to practice within the State, "in case of change of residence from one county to another

within this State, the holder of a physician's license shall obtain a new license in the county where he proposes to reside, by filing with the county clerk the license obtained by him in the county in which he last resided, in the same manner as provided for on the presentation of his certificate from the State Board of Medical Registration and Examination, and the clerk shall issue him a new license." Acts 1897, p. 255, §2; Acts 1899, p. 247, §1.

The act makes it unlawful for any person to practice without first obtaining a license as provided, and that any one so practicing shall be deemed guilty of a misdemeanor and on conviction fined. Acts 1897, p. 255, §§1, 9.

The third section of the act, approved March 8, 1897, prescribes the form of the license which limits it to the county in which issued. This prescribed form is an essential and controlling part of the statute. *Wasson* v. *First Nat. Bank,* 107 Ind. 206.

The statute says the certificate issued by the board, when presented to the proper clerk, "shall entitle the holder to a license to practice    *    *    *    in the State of Indiana." And upon presentation of the certificate to the clerk of the county in which the appellant resides he shall receive "from the county clerk a license to practice    *    *    *    within the State of Indiana." The right of a practitioner holding a license in the county of his residence to practice in another county is not here presented. See act approved April 11, 1885, and the amendatory act approved June 3, 1891.

The question in the case at bar is the right to practice in the county where the practitioner resides. The statute is plain that he must obtain a license. The statute is equally plain that if he changes his residence from one county to another he must obtain a new license in the county where he proposes to reside. The plain wording of the statute obviates the necessity for any construction. We can not create exceptions to a statute where its purpose is plain and the language used is free from ambiguity. Obtaining a

license in the county where he resides is a condition precedent to his right to practice in that county, and it is made unlawful for him to practice in such county without such license. Appellant's act of practicing in the county of his residence without having obtained a license in that county, was, by the terms of the statute, an unlawful act. The contract upon which he sues, having grown out of that unlawful act, can not be enforced. See, *Orr* v. *Meek,* 111 Ind. 40; *Cooper* v. *Griffin,* 13 Ind. App. 212; *Eastman* v. *State,* 109 Ind. 278.

Whether the law that makes possible such a defense, where competent professional services have actually been rendered, is a wise one, is not for the courts to say. The exception, which grew out of an emergency, was correctly allowed in *Board, etc.,* v. *Cole,* 9 Ind. App. 474, but no such question is here presented.

Judgment affirmed.