## Simons, Brittain & English, Inc., v. Union Trust Company of Washington, Inc.

*Architects—License—Making contract without license—Corporation—Act of July 12, 1919.*

1. The contract of an architect who has not been licensed as provided by the Act of July 12, 1919, P. L. 933, is void.

2. A corporation cannot secure a certificate qualifying it to practice the profession of an architect.

Statutory demurrer. C. P. Washington Co., Nov. T., 1922, No. 313.

Before Brownson, P. J., and Cummins, J.

*Lloyd O. Hart,* for plaintiff.

*Crumrine & Crumrine* and *J. P. Patterson,* for defendant.

CUMMINS, J., Jan. 20, 1923.—Simons, Brittain & English, a corporation, brought its action of *assumpsit* against the defendant, alleging in its statement of claim that a balance was due it for professional services rendered on a certain contract. Under the terms of this contract plaintiff corporation had agreed, as architects, to perform certain services as such in connection with certain building operations. To plaintiff's statement, defendant company filed a statutory demurrer, alleging that plaintiff company was not legally qualified to enter into such a contract, and that said contract was, therefore, illegal and void.

The Act of July 12, 1919, P. L. 933, prohibits and makes it a misdemeanor for any person to engage in the practice of architecture in the State of Pennsylvania until he or she has secured from the board of examiners, provided by the State, a certificate of his or her qualifications to practice as such.

Where a license is by statutory enactment made a prerequisite to one's practicing a profession, an agreement to perform services of a professional character without such certificate or license is illegal and void, as, *e. g.,* an agreement of an unlicensed physician (Gardner *v.* Tatum, 81 Cal. 370; Murray *v.* Williams, 121 Ga. 63; Orr *v.* Meek, 111 Ind. 40; Accetta *v.* Zupa, 54 N. Y. App. Div. 33; De la Rosa *v.* Prieto, 16 C. B. N. S. 578; 30 Cyc., 1593) or attorney-at-law: Hughes *v.* Dougherty, 62 Ill. A. 464; 6 Corpus Juris, § 286, 721.

A corporation cannot secure a certificate qualifying it to practice a profession: In re Bensel, 68 Misc. 70, 124 N. Y. Supp. 726; In re Application of Co-operative Law Co., 198 N. Y. Rep. 479; In re Lands in New York City, 128 N. Y. Supp. 199; Hannon *v.* Siegel-Cooper Co., 167 N. Y. Rep. 244. Only a natural person can secure such certificate or franchise.

It appears in plaintiff's statement that plaintiff is a corporation. It is not, therefore, qualified to practice the profession of an architect, and its contract, upon which suit has been brought, is, therefore, illegal and void, and plaintiff is not entitled to recover.

And now, to wit, Jan. 20, 1923, for the reasons set forth in the foregoing opinion, defendant's statutory demurrer is sustained and judgment is entered for defendant and against plaintiff for costs.

From Harry D. Hamilton, Washington, Pa.