STATE, EX REL. GARY TAXPAYERS' ASSOCIATION, INC., ET AL. *v.* LAKE SUPERIOR COURT, ETC., ET AL.

[No. 28,363. Filed September 19, 1947. Rehearing denied December 18, 1947.]

*Albert H. Gavit* and *Gavit & Richardson,* all of **Gary,** for relators.

*Gizella V. Stodola,* of Hammond, and *Claude V. Ridgely,* of Gary, of Counsel, for respondents.

EMMERT, C. J.—This is an original action brought by the relators against the Lake Superior Court, Room One, Lake County, Indiana, and the judge thereof, for a writ of prohibition prohibiting the court from continuing to assume jurisdiction in a proceeding for the establishment of a conservancy district in and for Lake County, Indiana, and to mandate the judge thereof to grant a change of venue in said proceeding.

From the petition and the return thereto it appears that the City of Hammond, by ordinance duly enacted and in effect on April 30, 1947, authorized the institution of a proceeding in the Lake Circuit Court for the establishment of a conservancy district embracing all of Lake County, Indiana, pursuant to ch. 239 of the 1947 Acts of the General Assembly of this state §§ 27-1201, *et seq.*, Burns' 1933 (Supp.), the petition being filed May 14, 1947, in the office of the Clerk of

the Lake Circuit Court. The City of Hammond filed bond as required by statute, and on June 12, 1947, the Lake Circuit Court found the petition insufficient in that it did not describe the territory to be included in said proposed conservancy district. On July 14, 1947, the City of Hammond filed an amended petition. On July 15, 1947, the Lake Circuit Court examined the amended petition, found the same to be sufficient, and set the hearing on said petition for September 10, 1947, at 10:00 A. M., and ordered notice thereon as required by statute. On September 10, 1947, the Lake Circuit Court found that due notice had been given, and various answers and objections by various parties having been filed on said date, the court set the same for hearing on September 18, 1947.

During the time these proceedings were being had in the Lake Circuit Court certain other proceedings were being had in Lake Superior Court, Room One, out of which grew the controversy involved in this original action. On the 8th day of July, 1947, eight hundred and five (805) petitioners who were legal residents and freeholders of Lake County, Indiana, filed a petition in said Lake Superior Court, Room One, for the establishment of a conservancy district to be known as the "Conservancy District of Lake County, Indiana" and to include all of Lake County in the area of the district. On July 8th the judge of Lake Superior Court, Room One, found bond had been filed by petitioners as required by statute, that the court had jurisdiction of the subject-matter of the action, that the petition was sufficient, and set August 29, 1947, as the day for hearing on the petition, and ordered notice given pursuant to the statute. On the date for the hearing the court found due notice had been given and began the hearing of evidence. Before evidence was concluded the Gary

Taxpayers Association, Inc., and Albert H. Gavit and Betty H. Gavit, relators herein, appeared specially and filed a plea in abatement, which plea, among other things, alleged the lack of jurisdiction of the court of the subject-matter of this proceeding. The City of Hammond filed a separate plea in abatement also alleging lack of jurisdiction of the court of the subject-matter, and the City of Gary joined in the plea in abatement filed by relators herein. All the pleas in abatement were overruled by the court and the hearing in the cause was continued until September 6th. On the same day relators, Albert H. Gavit and Betty H. Gavit and Gary Taxpayers Association, Inc., filed written answer and objections to the petition; and the City of Gary also filed written answer and objections to the petition. On September 6th said Superior Court resumed hearing and determined it had jurisdiction of the subject-matter and the parties. On the same date the City of Gary and relators herein filed separate affidavits for change of venue from the judge, which were both separately overruled.

Respondents' return suggests that relators' petition was insufficient for the reason "certified copies of all pleadings, orders and entries pertaining to the subject-matter" are not set out or made exhibits to the petition as required by Rule 2-35 of this court. However, the petition and return do have as exhibits thereto certified copies of all pleadings, papers and court entries necessary for the determination of this original proceeding, and in view of the good faith effort made on the part of the petitioners to comply with the rule [*Bryan* v. *Yoder* (1947), *ante*, p. 57, 71 N. E. (2d) 474], and especially in view of the importance of the determination of the jurisdictional matters

involved in this controversy, we will determine the jurisdictional questions involved on the merits.

In construing ch. 239 of the Acts of 1947, we will examine the entire Act to ascertain the intention of the Legislature expressed on the issue involved in this proceeding. 2 Sutherland, Statutory Construction, p. 336, § 4703; *Kryder* v. *State* (1938), 214 Ind. 419, 15 N. E. (2d) 386; *C. I. & L. R. R. Co.* v. *Downey* (1937), 103 Ind. App. 672, 5 N. E. (2d) 656.

The word "court" appears in various sections of ch. 239, the relevant parts of the sections reading as follows:

"SEC. 2. . . .

" 'Court' shall mean the Court, as organized under the terms of this act, wherein the petition for the organization of the district was filed and heard.

". . .

"SEC. 4. Proceedings for the establishment of a conservancy district shall be initiated by the filing of a petition in the office of the *clerk of a circuit court* serving a county containing territory within the proposed district, which petition shall have been signed by five hundred or more freeholders within the proposed district, or by a majority of the freeholders of any proposed district. Such a petition may be signed by railroads and other corporations owning lands.

". . .

"Upon the filing of such petition the *judge of the court in which such petition has been filed* shall determine whether it bears the necessary signatures and complies with the requirements of this section as to form and content. No petition with the requisite signatures shall be declared null and void on account of alleged defects, but the court or the judge thereof in vacation in subsequent proceedings, may at any time permit the petition to be amended in form and substance to conform to the

facts, by correcting any errors in the description of the territory, or in any other particular. Such petition may be circulated in several counterparts, which may be considered as constituting a single petition.
" . . .

"SEC. 5. At the time of filing the petition, or at any time subsequent thereto and prior to the time of the hearing on said petition, a bond shall be filed by the petitioners, with good and sufficient freehold sureties, payable to the State of Indiana, to be approved by the *clerk of the circuit court,*
. . . .

"SEC. 6. Upon the determination of the *judge of the court in which any such petition shall have been filed* that the petition is sufficient, he shall cause notice thereof to be given to the *judge of the circuit court,* serving each county included in whole or in part within the proposed conservancy district. Thereafter the *judges of each such circuit court* shall sit together as a trial court to determine whether or not the conservancy district prayed for in such petition shall be established. In case of the inability to serve of the *judge of any circuit,* the chief justice of the supreme court upon application of any interested person and proper showing of need, shall assign a *judge of any superior court from a county located within such circuit.* However, if there is no such *superior court,* the judge or judges hearing the petition shall represent *such circuit.*

". . . Except as otherwise hereinafter provided, such court shall have for all purposes of this act, *original and exclusive jurisdiction coextensive with the boundaries and limits of the district or proposed district and of the lands and other property included in, or proposed to be included in, such district or affected by such district, without regard to the usual limits of its jurisdiction,* and the issues involved in such petition shall be tried and the decision of the court thereon shall be subject to appeal as in other civil causes. . . .

". . . In case the court consists of more than three judges, it may designate three of its members from *three different circuits* to preside over

the court, hear matters coming before the court, and make determinations and decisions or findings and recommendations, as the rules of the court provide, with respect to any matters authorized by such rules, the disposition of which is vested in the court, . . . . The concurrence of two of the three judges so designated shall be necessary for any action or determination thereby and it shall have, if so provided by the rules of the court, the same force and effect as though taken or made by the full court. All actions and determinations by the full court shall require the affirmative vote of a majority of the judges constituting the court. In all cases in which the judges are evenly divided that side with which the presiding judge votes shall prevail, except that in the event the court consists of two judges and they find themselves unable to agree on any question left to their decision, *a judge of the circuit or superior court of some other county* shall be designated by the chief justice of the supreme court of the state to sit and vote as a third member of the court until such question is decided.

"SEC. 7. . . .

" . . . The organization of said district shall not be directly or collaterally questioned in any suit, action or proceeding except as herein expressly authorized.

" . . . .

"SEC. 16. . . . If any person, municipal corporation or agency of the state government objects to said official plan so adopted, then such person, municipal corporation or agency of the state government may, within ten days from the adoption of said official plan, file with the clerk of the court, in the original cause, their objections in writing, specifying the features of the plan to which they object, and he shall fix a day for the hearing thereof before the court, not less than twenty days nor more than thirty days after the time fixed for filing objections, at which time the court shall hear said objections and approve, reject or refer back said plan to said board of directors. . . ."

In § 85 of the act are set forth certain forms providing for various stages of the proceedings authorized by the act, which are relevant to the question involved in this original action. The parts material to determine in which sense the term "court" was used provide:

### "FORM OF NOTICE OF HEARING ON THE PETITION

"To All Persons and Municipal Corporations Interested:

"Public Notice Is Hereby Given:

"1.   That on the ———— day of ————, 19—, pursuant to the provisions of the Conservancy Act of Indiana, there was filed in the *office of the Clerk of the Circuit Court of the* ———— *Judicial Circuit of* ———————— *County, Indiana,* the petition of ———————— and others for the establishment of a conservancy district to be known as ———— Conservancy District.

"   . . .

"3.   That a public hearing on said petition will be had in said court on the ———— day of ————, at the hour of ———— o'clock —M. by *the Judges of the* ———— *Judicial Circuit and the* ———— *Judicial Circuit,* sitting as a court, at the Court House in the City of ————————, ———— County, Indiana.

"   . . .

*Clerk of the* ———— *Circuit Court.*

### "FORM OF FINDING ON HEARING

"State of Indiana)

    ) ss:

County of ————)

   *"In the* ———— *Judicial Circuit,* ———— *County.* In the Matter of ———— Conservancy District:

### "FINDINGS AND DECREE ON HEARING

"On this ———— day of ————, 19—, this cause coming on for hearing upon the petition of ———————— and others, for the organization

of a conservancy district under the Conservancy Act of the State of Indiana, the court, after a full hearing now here finds:

". . .

"Wherefore, it is by the Court ordered, adjudged and decreed:

". . ."

## "FORM OF NOTICE OF ENLARGEMENT OF DISTRICT

"State of Indiana)
                 ) ss.
County of ———)
        *"In the ——— Circuit Court,*
          *——— County, Indiana.*

"In the Matter of        )
——————— Conservancy District.)

## "NOTICE OF ENLARGEMENT OF DISTRICT

"To All Persons (and Municipal Corporations, If Any) Interested:

"Public Notice Is Hereby Given:

"1. That heretofore on the ——— day ———, —19—, the *court of the ——— Judicial Circuit,* duly entered a final decree erecting and creating ——— Conservancy District and appointing a board of directors therefor.

". . .

"3. That on ———, the ——— day of ———, 19—, (or as soon thereafter as the convenience of the Court will permit), at the court house in ——— of ——— County, Indiana the *judge of the Judicial Circuit and the ——— Judicial Circuit,* sitting as one court, will hear all persons and public corporations interested upon the question whether said lands should be added to and included in said ——— Conservancy District.

                      ———————————
           *Clerk of the ——— Circuit Court."*

## "FORM OF NOTICE OF HEARING ON APPRAISALS

"State of Indiana)
           ) ss.
County of ———)
      "*In the ——— Judicial Circuit*
           *——— County, Indiana.*
"In the Matter of          )
——————— Conservancy District.)

### "NOTICE OF HEARING APPRAISALS

"To All Persons and Public Corporations Interested:

"Public Notice Is Hereby Given:

"1. That heretofore on the ——— day of ———, 19—, *the ——— Judicial Circuit of ——— County,* Indiana, duly entered a decree erecting and creating ——— Conservancy District and appointing a Board of Directors therefor.
".  .  .

*Clerk of the ——— Circuit Court."*
(Italics added in each section.)

The circuit court is a constitutional court by reason of the Indiana Constitution. Section 1 of ■ Art. 7 of the Indiana Constitution (as amended March 14, 1881) provides:

"The judicial power of the State shall be vested in a Supreme Court, in Circuit Courts and *such other courts* as the General Assembly may establish." (Italics supplied.)

Section 9 of the same Article provides:

"The State shall, from time to time, be divided into judicial Circuits; and a Judge for each Circuit shall be elected by the voters thereof. He shall reside within the Circuit, and shall hold his office for the term of six years, if he so long behave well."

The Superior Court is a statutory court established by the General Assembly under its authority to provide "such other courts." *Fenstermacher* v. *Indianapolis Times P. Co.* (1936), 102 Ind. App. 189, 1 N. E. (2d) 655. The term of a judge of a Superior Court may not exceed four years under the constitutional prohibition contained in § 2 of Art. 15 of the Constitution, which requires that "the General Assembly shall not create any office, the tenure of which shall be longer than four years."[1] The judge of a Circuit Court is a judge of a judicial circuit. On the other hand the judges of the Lake Superior Court under the statute creating such court are designated as judges of a judicial district.[2]

It is quite evident from an examination of the constitutional as well as the statutory provisions that the Lake Superior Court is not the Lake Circuit Court any more than the Lake Circuit Court could be the Lake Superior Court.

The Code of 1852 (§ 1-201, Burns' 1946 Replacement, 2 R. S. 1852, ch. 17, § 1, p. 339) requires that "words and phrases shall be taken in their plain, or ordinary and usual, sense. But technical words and phrases having a peculiar and appropriate meaning in law shall be understood according to their technical import." The term "circuit court" has a well known constitutional and statutory meaning in this state, and it does have a "peculiar and appro-

---

[1] "When the duration of any office is not provided for by this Constitution, it may be declared by law; and, if not so declared, such office shall be held during the pleasure of the authority making the appointment. But the General Assembly shall not create any office, the tenure of which shall be longer than four years." Art. 15, § 2, Constitution of Indiana.

[2] "The county of Lake shall be and constitute the judicial district of the Lake Superior Court of the State of Indiana." § 4-1101, Burns' 1946 Replacement (Acts 1907, ch. 112, § 1, p. 170).

priate meaning in law," and as such will be given its legal meaning unless the legislature by the Act intended a different meaning. 59 C. J. 979, § 578.

> "In the absence of a legislative intent to the contrary, legal terms in a statute are presumed to have been used in their legal sense. . .ᵥ."
>> 2 Sutherland, Statutory Construction (3rd Ed.) 438, 439, § 4919.

Where words are used at one place in the Act, they will be construed as used in the same sense at other places in the Act, unless the clear context of the statute requires a different meaning. *Ryan* v. *State* (1910), 174 Ind. 468, 92 N. E. 340, Ann. Case 1912D 1341.

It is clear from an examination of the Act the legislature did not intend the circuit court to mean the same as the superior court. In § 6 it is provided that the chief justice of the supreme court may appoint a judge of a superior court to act as a judge on the court in case of inability of a judge of a circuit court to act, and by the same section provision is made for "a judge of the circuit or superior court of some other county" to be called to sit as a member of the court in case a two member court should fail to agree. By § 6 the court, when organized pursuant to the statute, has "original and exclusive jurisdiction coextensive with the boundaries and limits of the district or proposed district and of the lands and other property included in, or proposed to be included in, such district or affected by such district, without regard to the usual limits of its jurisdiction . . . ."

Another important consideration leads us to the conclusion that the legislature intended the term "circuit court" to be different from "superior court." ■ In each of the statutory forms set out, *supra,* the circuit court is mentioned and often as a

circuit court of a ———— Judicial Circuit. The clerk is designated as the Clerk of the ———— Circuit Court. Where a form is set forth in a statute it has been held that it is an essential and controlling part of the Act. *Wasson, Treasurer* v. *The First National Bank of Indianapolis* (1886), 107 Ind. 206, 209, 8 N. E. 97; *Orr* v. *Meek, Administrator* (1887), 111 Ind. 40, 41, 11 N. E. 787; *Mayfield* v. *Nale* (1901), 26 Ind. App. 240, 242, 59 N. E. 415; 1944 Ind. O. A. G. 295, 300, 301, 302.

It is true that § 4-1112, Burns' 1946 Replacement (ch. 112, § 8, Acts 1907)[3] does purport to give the Lake Superior Court the same jurisdiction as ■ circuit courts "now have or may hereafter have jurisdiction," but the General Assembly of 1907 could no more bind its succeeding sessions of the General Assembly than it was bound by preceding sessions. *Klipsch* v. *Ind. Alcoholic Beverage Commission* (1939), 215 Ind. 616, 624, 21 N. E. (2d) 701.

Chapter 239 of the 1947 Acts is an enactment in the exercise of the police powers of the state to regulate and conserve the water resources of the various conservancy districts that may be established under the terms of the Act.

Except where the contract clause of the Constitution of Indiana (Article 1, Section 24), and the contract and agreement or compact provisions of the Federal Constitution limit the authority of the General Assembly, the general rule is that no session of the Legislature can be estopped by a legislative

[3] "The said courts shall each have original, appellate and concurrent jurisdiction with the circuit court of the county in all cases and actions at law and in equity whatsoever; and in criminal cases and actions for divorce, and in all matters of probate and the settlement of decedents' estates; and in all other causes, matters and proceedings(s) of which such circuit courts now have or may hereafter have jurisdiction." § 4-1112, Burns' 1946 Replacement (Acts 1907, ch. 112, § 8, p. 170).

act of a preceding session, nor can any session pass an irrepealable law. *The State, ex rel. Clark* v. *Haworth, School Trustee, etc.,* (1890), 122 Ind. 462, 23 N. E. 946, 7 L. R. A. 240; *The State ex rel. City of Terre Haute* v. *Koslem* (1892), 130 Ind. 434, 29 N. E. 595, 14 L. R. A. 566.

The provisions of § 4-1112, Burns' 1946 Replacement (Acts 1907, ch. 112, § 8, p. 170) giving the Lake Superior Court the jurisdiction of circuit courts is subject to subsequent exception created either by an amendatory act directed to the section, or by implication contained in other later independent acts which may be in irreconcilable conflict with this provision.

The "Conservancy Act of Indiana" is of general application throughout the state and is not local or special in the sense prohibited by § 23 of Art. 4 of the Constitution of Indiana; but the Act does create new rights, not of common law origin, by way of special proceedings set forth in great detail in the Act. It provides the exclusive manner in which the conservancy district may be organized and operated. Section 83[4] contains

---

[4] "All acts or parts of acts conflicting in any way with any of the provisions of this act, or in any way limiting the power of taxation or assessment provided for in this act, or otherwise interfering with the execution of this law according to its terms, are hereby declared inoperative and ineffective as to this act, as if they did not exist. This act shall be supplemental to 'An act concerning flood control and water resources, creating the Indiana Flood Control and Water Resources Commission, providing for its members, prescribing its powers and duties, appropriating money therefor, repealing all laws in conflict therewith, and declaring an emergency', approved March 7, 1945 and to an act entitled 'An act concerning flood control districts, and declaring an emergency', approved February 23, 1939, or any acts amendatory thereof. Nothing in this act shall repeal, amend or supersede the rights, powers or jurisdiction of the Indiana department of conservation." Acts 1947, ch. 239, § 83, p. 974.

a general repealing provision, saving and excepting, however, from repeal ch. 318 of the Acts of 1945 [§ 27-1101 et seq., Burns' 1933 (Supp.)] and ch. 23 of the Acts of 1939 [§ 48-4929 et seq., Burns' 1933 (Supp.)].

· The general rule is that where an Act creates new rights of purely statutory origin and specifically provides for procedure to be followed, the procedure prescribed is the exclusive manner in which the prescribed act may be accomplished. Lang v. Scott (1825), 1 Blackf. 405, 12 Am. Dec. 257; Butler v. The State (1855), 6 Ind. 165; Martin v. West (1856), 7 Ind. 657; McCormack v. The Terre Haute and Rich-, mond Railr'd Co. (1857), 9 Ind. 283; Toney and Another v. Johnson (1866), 26 Ind. 382; Platter v. The Board of Commissioners of Elkhart County (1885), 103 Ind. 360, 2 N. E. 544; Storms v. Stevens (1885), 104 Ind. 46, 3 N. E. 401; Ryan v. Ray (1886), 105 Ind. 101, 4 N. E. 214; Great Western Life, etc., Co. v. State ex rel. (1914), 181 Ind. 28, 102 N. E. 849, 103 N. E. 843; New York, Chicago and St. Louis Railroad Company v. Zumbaugh (1895), 12 Ind. App. 272, 39 N. E. 1058; Boyd, Adm. v. Brazil Block Coal Co. (1900), 25 Ind. App. 157, 57 N. E. 732; Board, etc. v. Adler (1922), 77 Ind. App. 296, 133 N. E. 602; Shipman, Exr. v. Shipman, Gdn. (1934), 99 Ind. App. 445, 192 N. E. 849; 1 C. J. S. 974, § 6.

In this case the rule is further supported by the provision of § 6 which specifies that such court shall have "original and exclusive jurisdiction."

Although repeals by implication are not favored, in view of the specific provisions of the Act we are forced to the conclusion that there is irreconcilable conflict between ch. 239 of the 1947 Acts and § 4-1112, Burns' 1946 Replacement (Acts 1907, ch.

112, § 8, p. 170.) as to jurisdiction, and the Conservancy Act of Indiana being enacted at a later date, its provisions must be deemed to have superseded and limited, by implication, § 4-1112, Burns' 1946 Replacement. *City of Gary* v. *Cosgrove* (1937), 211 Ind. 294, 6 N. E. (2d) 940; *DeHaven* v. *Municipal City of South Bend* (1937), 212 Ind. 194, 7 N. E. (2d) 184; *Sweigart* v. *State* (1938), 213 Ind. 157, 12 N. E. (2d) 134, 114 A. L. R. 1117; *Medias* v. *City of Indianapolis* (1939), 216 Ind. 155, 23 N. E. (2d) 590; 13 Ind. Dig. Supp. 104, Statutes § 6584.6375.

Therefore the Lake Superior Court would not have jurisdiction over the subject-matter of the proceedings.

A challenge to the jurisdiction over the subject-matter of the proceedings may be raised at any time. *Board, etc.* v. *Jewett* (1915), 184 Ind. 63, 110 N. E. 553; *Daniels* v. *Bruce* (1911), 176 Ind. 151, 95 N. E. 569; *Steinmetz* v. *G. H. Hammond Co.* (1906), 167 Ind. 153, 78 N. E. 628.

It was not necessary to question the lack of jurisdiction over the subject-matter by plea in abatement. A writ of prohibition is a proper remedy to confine the respondent court to its lawful jurisdiction. § 3-2201, Burns' 1946 Replacement.

The respondents question the right of the relator Gary Taxpayers Association, Inc. to bring this proceeding, on the ground that it is not a freeholder of Lake County, nor does it appear that Albert H. Gavit is an officer of the corporation with authority to appear as relator. However, the petition in this original action is brought by the relators in their separate and several capacities, and there is no question raised as to the relators, Albert H. Gavit and Betty H. Gavit, not being resident freeholders and taxpayers

of Lake County. This is sufficient to maintain the proceedings in this original action.

In view of the conclusions of this court on the want of jurisdiction of the subject-matter by the Lake Superior Court, it is not necessary to pass upon the question raised as to a change of venue from the judge.

The temporary writ of prohibition heretofore issued is made permanent.

NOTE.—Reported in 76 N. E. (2d) 254.