INGRAHAM v. BAUM.

Opinion delivered October 21, 1918.

GUARDIAN AND WARD—SALE OF NON-RESIDENT WARD'S LAND—VALIDITY.— Kirby's Dig. § 3813, provides that "when a non-resident minor owns real estate in this State, and has a guardian in the State or Territory in which he resides, the court of probate in the proper county may authorize such guardian * * to sell such real estate," etc. Kirby's Dig., § 3793, provides that "all probate sales of real estate, made pursuant to proceedings not in substantial compliance with statutory provisions, shall be voidable." *Held*, that a sale of land of a non-resident minor, made by a guardian without notice or appraisement, was voidable, though it was approved by the probate court.

Appeal from Sebastian Chancery Court, Fort Smith District; *W. A. Falconer,* Chancellor; affirmed.

*J. V. Bourland,* for appellant.

1. The sale was not void because of clerical errors in description, nor because the probate court authorized a private sale. The money was duly paid and the sale approved by the court. The purchaser took possession in good faith and paid taxes and made valuable improvements. The act of the agent binds the guardian. 76 Ark. 615; 89 *Id.* 435; 65 *Id.* 325; 46 *Id.* 210; 21 *Id.* 533; 15 *Id.* 540. If the sale was void a decree should have been entered for the repayment of the purchase money, interest and taxes, etc.

2. But the sale was not void under our statutes. Kirby's Dig., § § 3793, 3813, 3795, 3803; Act April 8, 1891; 32 Ark. 97; 32 *Id.* 391; 52 *Id.* 341; 51 *Id.* 338. The sale was a substantial compliance with the law; the lots brought full value and the money was paid and sale approved.

3. Appellant did not have to see that appellees received the benefit of the sale. 89 Ark. 284; 54 *Id.* 480; 16 *Id.* 377.

4. Private sale was perfectly lawful. 26 Ark. 421; Kirby's Dig., § 3813; Act April 8, 1891; Const. 1874, Art. 7, § 34.

5. The court erred as to betterments.

*Winchester & Martin,* for appellees.

1. The sale was void. It was a private sale and not made in compliance with law. 116 Ark. 361; Kirby's Dig., § 3813. There was no bond nor appraisement.

2. We find no authority in our law empowering the probate court to order a minor's real estate to be sold at private sale. It must be appraised and sold for not less than three-fourths its value. 115 Ark. 385; 106 *Id.* 563. Confirmation did not cure the error. The court had no jurisdiction. 123 Ark. 189; 125 *Id.* 291; 86 *Id.* 443; *Ib.* 446; 75 *Id.* 6; 17 Am. St. 667; 51 *Id.* 394. The

court properly held that plaintiffs were the owners of two-thirds of the realty, but erred in holding that they were not entitled to one-seventh as sole heirs of Mary Baum.

3. The court erred in fixing the value of the improvements. On cross-appeal the findings as to the present value of the buildings should be reduced to $5,060.

SMITH, J. William and Marguerite Baum brought this suit to recover from appellant Ingraham their undivided interest in lots 5 and 6, block 3, Griffith & Nix Addition to Fort Smith, Arkansas. The lots were owned by their father at the time of his death, and he was survived by his wife and three children. The third child, Mary Baum, died without issue, and the plaintiffs claimed a part of this share also as heir at law of their deceased sister. The complaint contained a prayer for the restoration of the possession of the land and for an accounting as to rents.

Ingraham admitted having possession of the lots since August 11, 1909, and alleged that he acquired the right to this possession at that time by virtue of a sale made to him under an order of the probate court of Sebastian County, which sale had been duly approved and confirmed.

After her husband's death, Mrs. Baum married one Turner McGilberry, and removed with her children to his home in Oklahoma, where they have since resided. McGilberry became the guardian of the children in Oklahoma, and in 1909 appointed one T. N. Reed as his agent to procure an order of the probate court for the sale of the lots above described. This sale was attempted to be had under the provisions of section 3813, Kirby's Digest, and the court directed the agent to sell the land privately. The land was sold privately without appraisement or other compliance with the general statutes regulating the sale of real estate owned by a resident minor, but the sale was reported to and approved by the court, and a deed

was executed. The court below held the sale void, and referred the question of the rents and betterments to a master, whose report was excepted to by both parties, and the court made a finding on this report, from which both parties have appealed.

At the time of the institution of the proceeding in the probate court to procure the order of sale, Mary Baum, the oldest child, was a minor, and the order of sale included her interest as well as that of the younger children, but, at the time of the execution of the deed, Mary Baum, had become of age, and she personally joined in the execution of the deed, together with her mother, who conveyed her dower interest. Mary Baum's interest was described in the deed as being two-ninths, and there was a prayer in the answer and cross-complaint that the deed be reformed in this respect and made to cover the three-ninths, or one-third interest which Mary Baum individually owned, subject to the dower interest of her mother. This relief was granted, and the deed was reformed in accordance with the intention of the grantor, as found by the court, to convey her entire interest in the land. The cross appeal questions this action also.

At the April, 1906, term of the probate court, McGilberry, as guardian, procured an order of the court for the sale of the lots, and offered them for sale pursuant to this order, but the sale then made was not approved for the reason that the bidder did not offer to pay three-fourths of the appraised value. The order under which the sale was finally made was procured by Reed on August 5, 1909, a day of the July term, 1909. This order recited that a sale of the lots was necessary for the support and education of the minors, and that the property could be sold to better advantage at private sale. A private sale without appraisement or publication was made and approved by the court, and the deed mentioned above was executed by Reed pursuant to this authority.

Section 3813, Kirby's Digest, reads as follows:

"When a nonresident minor owns real estate in this State, and has a guardian in the State or Territory in

which he resides, the court of probate in the proper county may authorize such guardian, either in person or by his agent acting under power of attorney, to sell such real estate and receive the proceeds of such sale. Provided, before any order shall be made for the payment of money to a nonresident guardian, or for the sale of the property of his ward by him, he shall produce satisfactory evidence to the court that he has given bond and security as guardian, in the State in which he and his ward reside, in at least double the amount of the sum to be paid to him, or in double the amount of the appraised value of the property to be sold; and the proof shall consist of a copy of the record setting forth his appointment as guardian, and also a copy of his bond executed as such, duly authenticated.''

The section quoted was section 37 of Act. No. 78 of the Acts of 1873, p. 185, which was entitled ''An Act Defining the Powers and Regulating the Duties of Guardians, Curators, and Wards.'' Section 27 of the same act authorized the leasing or sale or mortgaging of a minor's lands for his education. This is now section 3794 of Kirby's Digest. Section 28 of the Act of 1873 provides that when the lands are sold under the provisions of Section 27 ''such sale shall be advertised and conducted in the same manner as now provided by law for advertising and for conducting sales of real estate of deceased persons made by executors and administrators for the payment of debts.'' This is now section 3795 of Kirby's Digest.

It is true that section 37 of the Act of 1873 (section 3813 of Kirby's Digest) does not expressly prescribe how the sales shall be conducted which are there authorized. But the act should be construed as a whole. The Legislature had at first dealt with the estates of resident minors, and had provided how such property might be sold. The Legislature found it wise to prescribe terms under which that property might be sold, to protect the infant's interest. The whole subject was under the control of the

Legislature, which recognized that there would be non-resident minors owning property in this State, whose lands should also be sold, and provision for that contingency was made in section 37. The Legislature did not there re-enact or re-state the terms under which such a sale might be conducted, but nothing appears in the act to indicate that the Legislature intended to dispense with the requirements in the one case that were thought wise in the other. The same considerations of public policy were alike involved. In addition, a proviso in section 37 (3813 Kirby's Digest) requires that before any order of sale shall be made for the payment of money to a non-resident guardian, or for the sale of the property of his ward by him, he shall produce satisfactory evidence that he has given bond * * * in double the amount of the *appraised value* of the property to be sold. The appraisal of the property is one of the requirements for the sale of a resident minor's property, and is not, ordinarily, a thing that would be required in the case of a private sale.

It is also insisted that a sale under section 3813 is not a probate sale within the meaning of section 3793, Kirby's Digest, which provides that all probate sales of real estate made pursuant to proceedings not in substantial compliance with the statute shall be voidable. This can not be true, as the sale can only be made in any event after an order to that effect has been made by the probate court. The case of *Landreth* v. *Henson*, 116 Ark. 361, is authority for holding that sales made under section 3813, Kirby's Digest, are subject to the provisions of section 3793.

We think the testimony fully warranted the court in reforming the deed from Mary Baum. Her deed recites that she conveys all her interest, and it is apparent that a mutual mistake was made in stating the fractional part of the whole which she owned.

The testimony is somewhat uncertain and conflicting on the question of betterments. Much of this testimony related to the enhanced value of the building material contained in the houses which Baum built on the lots, and to

the per cent. of depreciation due to its age. It would serve no useful purpose to discuss this testimony in detail, and, as it does not appear that the finding of the chancellor in this respect is clearly against the preponderance of the evidence, we affirm his finding as to values.

The complaint contained a prayer for the partition of the land, and this was ordered, subject to the widow's claim of dower and the lien for betterments. This was a proper order to make, as the court had power to grant full relief.

Decree affirmed.