DEVENY *v.* TREESH ET AL.

[No. 17,587.   Filed April 28, 1947.]

*Mountz & Mountz*, of Garrett, for appellant.

*Atkinson & Sanders*, of Auburn, for appellees.

HAMILTON, P. J.—On July 1, 1944, appellee Lewis E. Treesh commenced this action against Nellie Deveny and appellee Charles Deveny. The complaint was in one paragraph and was based upon a promissory note alleged to have been executed by both defendants, which note was dated July 7, 1933, due in one year, in the principal sum of $200, with 7% interest per annum from date until paid, and attorney fees.

To this complaint the appellant, Nellie Deveny, filed an answer in four paragraphs. The first paragraph was a denial; the second paragraph alleged that the note was executed without consideration; the third paragraph was a plea of payment; and the fourth paragraph pleaded the 10-year statute of limitations.

At the time of filing her answer in four paragraphs said appellant filed a pleading designated as a cross-complaint against the plaintiff and appellee Lewis E. Treesh, in which she alleged that on October 27, 1937, she and her husband, Charles Deveny, were the owners of a certain promissory note for the principal sum of $720.21, which had been executed to them by one John W. Worrick; that her said husband, without any right

or authority, transferred and delivered said note and the interest of said appellant, Nellie Deveny, therein to the appellee, Lewis E. Treesh, who had collected and received the full amount of said note and interest and the one-half thereof belonging to the appellant, Nellie Deveny, and had kept and retained the same; that by reason thereof said Lewis E. Treesh was indebted to her in the sum of $600.

This cross-complaint was stricken out upon the motion of appellee Treesh for the assigned reason that the cross-complaint is not germane to and in no way connected with the subject matter of the original complaint, but is an independent action.

Thereupon, appellant Nellie Deveny requested leave to file a counter claim setting up the same matters in her favor against the said Lewis E. Treesh as had been set out in the cross-complaint, which had been stricken out. The court refused to permit the filing of such proffered pleading.

The cause was submitted to the court for trial without a jury, and upon the day of the trial it appeared that appellee Lewis E. Treesh had never affixed any intangible stamps upon the note sued upon in the complaint. Thereupon, appellant Nellie Deveny filed a verified plea in abatement in which the non-payment of the intangible stamp tax upon said note was alleged and also a fifth paragraph of answer alleging the same facts.

Appellee Treesh filed an answer in denial to the plea in abatement and a reply in denial to the fifth paragraph of answer.

The court found for plaintiff and against all defendants in the sum of $485. Judgment was rendered accordingly.

The errors relied upon for reversal are: (1) That

the court erred in striking out appellant's cross-complaint; and (2) in refusing to permit her to file a counter-claim; and (3) the court erred in overruling appellant's motion for a new trial. The reasons assigned in the motion for a new trial, which are not waived are: (a) The decision of the court is not sustained by sufficient evidence; and (b) is contrary to law.

Appellant contends that the full amount of the intangible tax due on the note sued on as provided by § 64-903, Burns' 1943 Replacement and § 64-916, Burns' 1943 Replacement (Supp.), had not been paid or the full and proper amount of intangible tax stamps affixed to said note, and therefore the court erred in admitting the note in evidence and the same was unenforceable and void under § 64-930, Burns' 1943 Replacement.

Referring to appellant's contention that the court erred in striking out her cross-complaint and in refusing to permit her to file a counter-claim, we find that § 2-1016, Burns' 1946 Replacement, provides:

> "A set-off shall be allowed only in actions for money-demands upon contract, and must consist of matter arising out of debt, duty or contract, liquidated or not, held by the defendant at the time the suit was commenced, and matured at or before the time it is offered as a set-off."

We are of the opinion that the facts pleaded and set forth in appellant's cross-complaint were proper to be pleaded as a set-off and that the facts pleaded in appellant's so-called cross-complaint, which was stricken out, was in fact a set-off as defined in the above statute, regardless of its title. A set-off is a counter-demand growing out of an independent transaction for which the defendant might maintain an action against the plaintiff. It need not be germane to the cause of action alleged in the complaint. *Duffy*

v. *England* (1911), 176 Ind. 575, 582, 96 N. E. 704.

It is well settled that it is immaterial as to the name or designation given a pleading by the pleader, but it is the material facts incorporated therein that ■ determine its force and effect. *Universal Credit Co.* v. *Collier* (1941), 108 Ind. App. 685, 690, 31 N. E. (2d) 646; *State ex rel. Clark* v. *Rice* (1943), 113 Ind. App. 238, 242, 47 N. E. (2d) 849; *Cleveland, etc., R. Co.* v. *Rudy* (1909), 173 Ind. 181, 89 N. E. 951.

The authorities hold that it is reversible error to strike out a pleading in its entirety and thereby deprive a party of a defense or cause of action. *Ederer* ■ v. *Froberg* (1945), 115 Ind. App. 414, 59 N. E. (2d) 595; *Jones* v. *Evanoff* (1944), 114 Ind. App. 318, 52 N. E. (2d) 359.

Appellee contends that the error, if any, in striking out the cross-complaint was harmless for the reason that appellant was permitted to introduce in ■ evidence under her plea of payment all of the facts concerning the John W. Worrick note referred to in the cross-complaint.

We are unable to agree with appellee's contention for the reason that, if appellant was entitled to recover from appellee Lewis E. Treesh the amount alleged to be due her upon the Worrick note, such amount would be in excess of the amount due on the note sued upon in the complaint, and therefore appellant was deprived of her affirmative cause of defense and the right to recover such excess from the plaintiff.

In view of the conclusion we have reached that the judgment must be reversed, and the fact that upon a re-trial of said cause, there is no reason why the required amount of intangible tax stamps, as provided by the Intangible Tax Act, should not be affixed to said note when it is offered in evidence, we do not deem it

necessary to discuss the question presented by the ruling of the court in admitting the note in evidence.

Judgment reversed with instructions to grant appellant's motion for a new trial and for further proceedings not inconsistent with the views expressed in this opinion.

NOTE.—Reported in 72 N. E. (2d) 578.