235 Ind. 607 (1956)
135 N.E.2d 516
STATE OF INDIANA ON RELATION OF MARION COUNTY PLAN COMMISSION
v.
SUPERIOR COURT OF MARION COUNTY, ROOM 5, CLARK, JUDGE.
No. 29,433.
Supreme Court of Indiana.
Filed June 29, 1956.
Rehearing denied August 10, 1956.
Robert S. Smith, James V. Donadio, R. Stanley Lawton, of Indianapolis, and Ross, McCord, Ice & Miller, Baker & Daniels, of Indianapolis, of counsel, for relator.
*608 Kothe & Shotwell, of Indianapolis, for respondents.
Grier M. Shotwell and Kothe & Shotwell, of Indianapolis, of counsel, as amicus curiae.
EMMERT, J.
The controversy here concerns the rezoning of fifty-five (55) acres from rural residence use to industrial use in Marion County, and rezoning for railroad use a fifty (50) foot strip of land in the same section which extended for a length of approximately 3,200 feet.
On February 16, 1956, after due notice, the relator held a hearing on the proposed rezoning, and decided to recommend to the Board of Commissioners of Marion County the rezoning of both tracts, and certified its decision, report and recommendation to the said Board of Commissioners on February 17, 1956. The Board of Commissioners failed to act on the recommendation and proposed ordinance, and after sixty (60) days the ordinance became effective by operation of law under §§ 53-740 and 53-742, Burns' 1951 Replacement.
On March 12, 1956, Russell J. Sperling, Ruth Sperling, Clinton L. Fisher, Florence E. Fisher, Joseph H. Clark and Ruth M. Clark filed a verified petition for a writ of certiorari in the respondent court praying that a citation issue to the Marion County Plan Commission to show cause why the writ should not issue. The petition was not presented to the court until April 3, 1956.
On April 3, 1956, the respondent court issued a rule to show cause why the writ of certiorari should not issue returnable April 23, 1956. On this return date, the relator filed what is designated as a response in which it alleged, among other things, that the court had no jurisdiction of the "subject matter of this cause of action." No ruling has been made on the issues presented *609 by the response, and we issued a temporary writ of prohibition.
The section of the 1947 Zoning Act prescribes the procedure for a review of the plan commission as follows:
"A decision of the commission may be reviewed by certiorari procedure the same as that providing for the appeal of zoning cases from the decision of the board of zoning appeals.
"A petition for certiorari shall specify the grounds upon which the petition alleges the illegality of the commission's action. Such petition must be filed in the circuit court of the county in which the land is located within 30 days after the date of such decision ..." Section 53-755, Burns' 1951 Replacement.
It will be noted this section places the jurisdiction in the circuit court, and confers no jurisdiction in the superior court, as does § 53-783, Burns' 1951 Replacement, where review is sought from a decision of the board of zoning appeals.
A circuit court is not the same court as a statutory superior court. State ex rel. Gary Taxpayers Assn. v. Lake Superior Court (1947), 225 Ind. 478, 493, 76 N.E.2d 254. We have no authority to rewrite § 53-755, Burns' 1951 Replacement. A remedy is there provided and the court specified in which the remedy is to be sought.
The Zoning Act of 1947 creates new rights wholly unknown to the common law. The remedies therein prescribed are exclusive. In such case, the requirements of the statute as to the court where the remedy is to be had, and the time and manner of asserting the rights, are mandatory and jurisdictional. Great Western Life, etc. Co. v. State ex rel. Honan (1913), 181 Ind. 28, 33, 102 N.E. 849, 103 N. *610 E. 843; Slinkard v. Hunter (1936), 209 Ind. 475, 479, 199 N.E. 560; Gossard v. Vawter (1939), 215 Ind. 581, 585, 21 N.E.2d 416; Ettinger v. Robbins (1945), 223 Ind. 168, 172, 59 N.E.2d 118; State ex rel. Gary Taxpayers Assn. v. Lake Superior Court (1947), 225 Ind. 478, 493, 76 N.E.2d 254, supra; State ex rel. Wever v. Reeves (1951), 229 Ind. 164, 169, 96 N.E.2d 268; State ex rel. Mid-West Ins. Co. v. Superior Court of Marion County (1952), 231 Ind. 94, 100, 106 N.E.2d 924; Ballman v. Duffecy (1952), 230 Ind. 220, 228, 102 N.E.2d 646; Wedmore v. State (1954), 233 Ind. 545, 549, 122 N.E.2d 1.
Since the respondent court had no jurisdiction of the subject matter of the particular action, the Petitioner is entitled to relief by prohibition.
Temporary writ of prohibition made permanent.
Landis, C.J., Achor, Arterburn and Bobbitt, JJ., concur.
NOTE.  Reported in 135 N.E.2d 516.