DEMMA ET AL. *v.* FORBES LUMBER COMPANY.

[No. 19,506. Filed December 8, 1961. Rehearing denied March 23, 1962.]

*Richard L. Lowther*, of Indianapolis, and *Curtis W. Roll*, of Kokomo, for appellant.

*Thomas F. Gibson, Jr.*, of Indianapolis, for appellee.

COOPER, J.—This matter comes before us from the Probate Court of Marion County wherein the appellee, Forbes Lumber Company, filed what was designated as, "Amended Claim of Forbes Lumber Company for Foreclosure of Mechanic's Lien".

The pleading designated as "Amended Claim of Forbes Lumber Company for Foreclosure of Mechanic's Lien", omitting the caption, reads as follows:

"Comes now the claimant, Forbes Lumber Company, an Indiana corporation, a corporation organized and existing pursuant to the laws of the State of Indiana, and by way of filing its claim in the Probate Court, complains of the defendants, Mary Demma, Michael P. Matracia, as Executor of the Estate of Mary Demma, and James L. Johnson, and for cause of claim and action alleges and says:

"1. That on or about the 4th day of June, 1956, and at all times hereinafter mentioned until the date of her death, August 31, 1957, the defendant, Mary Demma, was the owner of fee simple of the following described real estate in Marion County, Indiana, to-wit:

"Part of Out Lot 21 of the Donation Lands in the City of Indianapolis, more particularly described as follows:

"Beginning at the Northeast corner of said Out Lot 21, thence West along the north line of said Out Lot 125 feet thence South 30 feet; thence East 125 feet to the East line of said Out Lot, thence North 30 feet to the place of beginning, otherwise known as 502 S. East St.

"2. That some time on or about the 4th day of June, 1956, and while the defendant Mary Demma was the owner of the afore-described real estate, said defendant did contract with one James L. Johnson to erect and construct on aforesaid premises certain valuable and lasting improvements, to-wit, remodel and repair the dwelling house at that address, and other improvements, the exact nature of which is unknown to claimant but well known to defendants and each of them.

"3. That in the construction and remodel thereof, on and between the 26th day of June, 1956, and the 8th day of October, 1956, inclusive, at the special instance and request of said defendant, Mary Demma, and her contractor, James L. Johnson, claimant, Forbes Lumber Company, did furnish, sell and deliver to said defendant, James L. Johnson for specific use in and upon the aforesaid improvements on said premises certain building materials of the fair and reasonable value of $294.53, and which was also the agreed price thereof, and all of which is more specifically set forth in a Bill of Particulars attached hereto and filed herewith and made a part of this complaint and marked 'Exhibit A.'

"4. That all of the aforesaid building materials, except those returned for credits as set forth in aforesaid 'Exhibit A,' were specifically

used in and upon the improvements on said premises; and that there is now due plaintiff by said defendants, Mary Demma and Michael P. Matracia, as Executor of the Estate of Mary Demma, the sum of $294.53, and which said sum is now past due, owing and wholly unpaid.

"5. Plaintiff further says that on the 4th day of December, 1956, and within 60 days from the time said materials were furnished as aforesaid in and on said real estate, they filed in the office of the Recorder of Marion County, State of Indiana, a notice in writing of their intention to hold a Mechanic's Lien on said above described real estate, for the amount and to the extent set out therein, which said notice was recorded in said office on said date in Lien Record 566, Instrument No. 84094, a copy of which is filed herewith, attached hereto, made a part hereof and marked 'Exhibit B.'

"6. That prior to filing this Suit said owner, defendant Mary Demma died on August 31, 1957, and that by Will, duly filed and probated in this Court, her brother, defendant Michael P. Matricia, was named and has qualified as Executor of the Estate of Mary Demma; and further, said Michael P. Matricia, as Executor of the estate of Mary Demma, was notified by mail of the pendency of this lien and materials claim September 27, 1957.

"7. Plaintiff further says, failing to receive payment of its lien upon demand of the Executor and his Attorney, that it has been compelled to and did employ the services of an attorney, Thomas F. Gibson, Jr., to commence and prosecute this action, and that a reasonable fee for the services of such attorney is the sum of $200.00.

"8. That there has been long and unreasonable delay in the payment of said labor and materials, and that plaintiff is entitled to interest thereon from June 26, 1956, at six per cent per annum.

"9. That there is now due, owing and wholly unpaid of principal, interest and attorneys fees, the sum of $550.00; that said real estate is not susceptible to division; that said lien is a valid and subsisting first lien on and against

said above decribed real estate; that plaintiff, Forbes Lumber Company, is entitled to have the same foreclosed and said real estate sold as other lands are sold upon execution, and the proceeds arising therefrom applied to the payment or reduction of any amount found due herein.

"WHEREFORE, claimant, F o r b e s Lumber Company, prays judgment against the defendants, Mary Demma and Michael P. Matricia, as Executor of the Estate of Mary Demma, in the sum of $550.00 and costs for this its claim filed in the Probate Court; that said lien be declared valid and subsisting first lien on and against said above described real estate, and prior and superior to all other liens and encumbrances thereon of every name and nature; that the same be foreclosed, and said real estate sold as other lands are sold upon execution, and the proceeds arising therefrom, be applied to the payment or reduction of any amount found due this claimant, and for all other proper and equitable relief in the premises."

Signature and Jurat

It appears from the record that the issues were properly closed and that on March 18, 1960, the cause was submitted to the court for finding and judgment.

After the conclusion of all the evidence, the court entered the following finding, decree and judgment:

"Come now the parties in person and by counsel and the amended claim of Forbes Lumber Company being at issue upon the denial of the same by defendants is submitted for trial, finding and decree.

"And during the course of the trial and on motion of the claimant the cause is dismissed as to the defendant James L. Johnson, which dismissal is approved by the Court.

"And the evidence being submitted and the Court hearing argument of counsel and being duly advised in the premises finds:

"That the claimant is an Indiana corporation and is a materialman under the terms of the Indiana Mechanics' Lien Law on Real Estate, and

that the claimant did furnish and deliver to James L. Johnson, contractor for use on real estate of the deceased Mary Demma, as hereinafter described, certain materials that were used by the said contractor on said premises in keeping with the terms of two contracts for repairs and improvements on said property, entered into theretofore by the said Mary Demma and the said James L. Johnson, contractor.

"That said contractor was paid in full for services and materials on one contract, but not on the other, and that the claimant, Forbes Lumber Company, was not paid in full for the materials it furnished and delivered to said contractor for use on the said real estate of the decedent hereinafter described and used in the execution of said contracts by said contractor;

"That the unpaid balance due said claimant, Forbes Lumber Company, for the materials thus furnished and used on the premises of the deceased is Two Hundred Ninety-four dollars and fifty-three cents ($294.53), on which interest is due from the date of last delivery, to-wit: October 8, 1956, in the amount of Fifty-five dollars and eight-six cents ($55.86);

"That under the terms of the Mechanics' lien law of Indiana the said claimant is entitled to a Mechanic's Lien on the real estate of the deceased hereinafter described, and that in keeping with said Mechanics' Lien Law due notice of the holding of a Mechanic's Lien was filed by said Forbes Lumber Company within the time prescribed by law, and the claim to enforce said lien was filed in this estate within the time prescribed by law;

"That under the terms of the Indiana Probate Code (Acts 1953, Chapter 112, Section 1413, Page 295) the administration of a decedent's estate is a proceedings in rem and the possession of the real estate of the deceased is vested in the personal representative, who is charged with collecting the rents and earnings therefrom, paying the taxes thereon and keeping the buildings and fixtures thereon in tenantable repair and under his control and protected by insurance,

and that any person claiming any lien or right in said real estate has a right under said Indiana Probate Code to assert such claim, lien or right against such real estate in the court having jurisdiction of the administration of said estate.

"The Court further finds that in keeping with the provisions of the said Indiana Probate Code and the Indiana Mechanics' Lien Law on real estate (Acts 1909, Chapter 116, Section 4, Page 295) the date and extent of said lien shall be the date of the first delivery of materials on the job, to-wit: June 26, 1956, and said lien shall extend to all the right, title and interest in said real estate hereinafter described owned therein by said deceased Mary Demma, as provided in said Indiana Mechanics' Lien Law;

"That the real estate of the deceased hereinafter described is subject to a Mechanic's Lien in favor of said claimant as a materialman under the terms of said Indiana Mechanics' Lien Law and entitled to a judgment in rem against said real estate hereinafter specifically described for the amount of its claim, plus interest and attorney's fees under the terms of said Indiana Mechanics' Lien Law;

"That the death of Mary Demma, the deceased, did not enlarge nor abridge the rights of the parties, and that inasmuch as the real estate involved in said lien is part of the assets of the estate of said deceased and is being administered upon by the Executor who, as such executor, has possession of said real estate and the right and duty to collect the rents and income from said real estate and to manage the same during the administration, the said claim is properly before this Court in the administration of this estate;

"The Court further finds the claimant is entitled to recover attorney fees in this action under the terms of said Indiana Mechanics' Lien Law and that reasonable attorney fees, as shown by the evidence herein, are One *Hundrea* and Fifty Dollars ($150.00).

"IT IS THEREFORE, ORDERED, ADJUDGED and DECREED that the claimant, Forbes Lumber

Company, an Indiana corporation, have a judgment in rem in the sum of Five Hundred Dollars and Thirty-nine cents ($500.39), which includes Two Hundred Ninety-four Dollars and fifty-three cents ($294.53) on the principal of claimant's claim, Fifty-five Dollars and eighty-six cents ($55.86) interest, and One Hundred and Fifty Dollars ($150.00) attorney fees against the Executor, Michael P. Matracia, as Executor of the estate of Mary Demma, deceased, said judgment in rem being a lien and charge upon the real estate hereinafter described.

"IT IS FURTHER ORDERED, ADJUDGED AND DECREED, that said Forbes Lumber Company, an Indiana corporation, has a lien on said real estate as a materialman under the terms of the Indiana Mechanics' Lien Law on Real Estate.

"IT IS FURTHER ORDERED, ADJUDGED and DECREED that in keeping with the provisions of the Indiana Probate Code (Acts 1953, Chapter 112, Section 1413, Page 295) and the Indiana Mechanics' Lien Law on real estate (Acts 1909, Chapter 116, Section 4, Page 295) the date and extent of said lien shall be the date of the first delivery of materials on said job, to-wit: June 26, 1956, and said lien shall extend to all the right, title and interest in said real estate hereinafter described owned therein by said deceased Mary Demma, as provided in said Indiana Mechanics' Lien Law.

"IT IS FURTHER ORDERED, ADJUDGED and DECREED that this judgment is not a personal money judgment against said Executor or said estate, but as to such executor and said estate the judgment is in rem against the real estate hereinafter described.

"IT IS FURTHER ORDERED, ADJUDGED and DECREED that in any sale in this estate of the real estate hereinafter described, the existence, status and proper position of priority of this judgment under the terms of the Mechanics' Lien Law be recognized.

"IT IS FURTHER ORDERED, ADJUDGED and DECREED that said Executor is hereby authorized to pay said judgment to said Forbes

Lumber Company out of the liquid portion of the residuary estate, if any, provided that all general creditors and general claimants are paid in full and administrative expenses and Court costs are paid in full, and upon the payment of said judgment the lien hereby impressed on said real estate shall be terminated and satisfied. Provided further, that should said Executor not be able to pay said claim within the terms hereof, the said Executor shall then petition this Court for instructions or for an order to sell said real estate hereinafter described to satisfy said lien.

"That the real estate involved in this judgment and subject to the lien and judgment above referred to is as follows:

" 'Part of outlot No. 21 in the City of Indianapolis described as follows:

" 'Beginning at the northeast corner of outlot No. 21 in the City of Indianapolis, thence south 30 feet, thence west 125 feet, thence north 30 feet, thence east 125 feet, to the place of beginning, being known as 502 South East Street in the City of Indianapolis, Marion County, Indiana.' "

Thereafter, within the proper time the appellant filed his motion for a new trial, charging, among many reasons that "the decision of the court is contrary to law". Said motion was overruled.

The first matter we are called upon to determine in this appeal is whether or not the amended pleading filed in the court below is in truth and fact a claim against the estate of decedent under the Probate Code, or is it a complaint to foreclose a mechanic's lien under the Mechanic's Lien Statutes?

If we, on review, construe the foregoing pleading as a claim, then, of course, the Probate Court would have jurisdiction over the subject matter by virtue of §§7-802 and 7-820, Burns', 1953 Repl., which specifically authorized the filing of claims that are secured by liens, either on real or per-

sonal property in an estate and also provide the manner in which such claims shall be treated and disposed of; said section provides, in substance, that when any assets of the estate are encumbered by mortgage, pledge or other lien, the personal representative may pay such encumbrances or any part thereof, renew or extend any obligations secured by the encumbrance or may convey or transfer such assets to the creditor in satisfaction of his lien in whole or in part whether or not the holder of the encumbrance has filed a claim, if it appears to be for the best interest of the estate.

In reviewing §4-2910, Burns' 1946 Repl., Vol. 2, Part 2, defining the jurisdiction of the Marion County Probate Court, we do not find where said Court has jurisdiction over the foreclosure of mechanic liens.

We note §43-705, Burns', 1952 Repl., Vol. 8, Part 2, providing for the enforcement or foreclosure of a lien, reads as follows:

"Any person having such lien may enforce the same by filing his complaint in the *circuit or superior court* of the county where the real estate or property on which the lien is so taken is situate, at any time within one [1] year from the time when said notice has been received for record by the recorder of the county; or, if a credit be given, from the expiration of the credit, and if said lien shall not be enforced within the time prescribed by this section, the same shall be null and void. If said lien be foreclosed as herein provided, the court rendering judgment shall order the sale to be made, and the officers making the sale shall sell the property, without relief whatever from valuation or appraisement laws." (Our emphasis)

Therefore, it appears under the foregoing statute that if the pleading is a complaint to foreclose a

mechanic's lien under the mechanic's lien statute, then, of course, the Probate Court would not have jurisdiction over the subject matter for the reason that the Legislature has specifically placed the jurisdiction of such proceedings in the Circuit or Superior Courts of this state, and we further see that no reference is made in the statute establishing the jurisdiction of a probate court for foreclosing of mechanic's liens.

The statutes providing for mechanic's liens and enforcement are in derogation of the common law, and, therefore, must be strictly construed and anyone who seeks their benefits must bring himself within the provisions of the Act. *Grimm et al.* v. *Rhoades et al.* (1958) (T. D.) 129 Ind. App. 1, 149 N. E. 2d 847.

In construing a pleading, both our court and the Supreme Court have held that the character and nature of a pleading is determined from the contents rather than from the title, and it is the substance of the pleading that is controlling. *State ex rel. Morvilius* v. *State* (1960), 241 Ind. 199, 170 N. E. 2d 825; *Deveny* v. *Treesh* (1947), 117 Ind. App. 374, 72 N. E. 2d 578; *State ex rel. Bevington* v. *Myers, Judge* (1942), 220 Ind. 149, 41 N. E. 2d 358; *Loftin* v. *Johnson* (1940), 216 Ind. 537, 24 N. E. 2d 916.

Under the Probate Code all that is required of a claimant against the estate of a decedent is the filing of a succinct and definite statement of his claim. There is no need for a formal complaint.

A statement of facts as will show a legal liability on the part of the estate, indicating to the personal respresentative of the decedent, with reasonable certainty, what he is called upon to meet, is suf-

ficient. See I. L. E., Vol. 13, §137, pp. 435, 436, and authorities therein cited. In the case of secured claims, such as is involved in the action now before us, the lien must be particularly set forth in said claim and a reference given, where the lien, if of record, will be found. See, Burns', §7-802, *supra*.

In the matter before us, the appellee herein did not follow such procedure, but instead filed the usual complaint for the foreclosure of a mechanic's lien under the Mechanic's Lien Statute as is evidenced by his complaint herein set forth and the prayer thereof. It is also apparent from the finding and judgment of the trial court that the court construed the matter before him as an ordinary foreclosure of a mechanic's lien, rather than an action on a claim. This is evidenced by the fact that the trial court allowed attorney fees for the foreclosure of the lien as provided for by §43-705, Burns', *supra*, and it is also further apparent when the court rendered a decree in rem against the real estate instead of the personal representative as required by §7-813, Burns', 1953 Repl.

Sec. 7-813, Burns', *supra*, provides, in substance, that the trial of such claim in a decedent's estate shall be conducted as in ordinary civil cases and if the finding be for the claimant, the court shall render judgment thereon against the *personal representative* for the amount thereof and for costs to be paid out of the assets of the estate to be administered. If the claim sued upon be secured by a lien upon the property of the deceased, the date and extent shall be ascertained and fixed by the finding and judgment.

It appears from the statutes and authorities herein cited that a holder of a lien on real estate in control

of the personal representative of decedent has an alternative to either file a claim in probate court, waiving the right of foreclosure of said lien and take his chances on settlement out of the general assets of the estate; or foreclose his lien on the real estate as provided by statutes relative thereto.

In construing the foregoing pleading, we believe and hold that the pleading filed and designated as a claim is in truth and fact a complaint to foreclose a mechanic's lien.

It is also apparent to us that the trial court so construed such pleading when he allowed attorney fees for the enforcement of the lien, as provided for by §43-705 of the mechanic's lien law; and it is also further apparent in the court's decree when he entered judgment in rem against the real estate.

Thus, it appears from the foregoing sections that the general and over-all powers confer upon probate courts in this state ample power and authority to determine any claim existing against an estate where such claim is secured or unsecured, due or not due, contingent or certain, joint or several or of any other character and that there are no particular forms required in the filing of the claim against an estate, and, as we have seen from citations and statutes herein set out, no complaint is required nor process issued on the personal representative to establish a claim in an estate.

Had a proper petition or claim been filed in the decedent's estate setting forth the facts pertaining to the alleged indebtedness and lien securing the same, there is no question but that the court, under the authority conferred upon it by the provisions of the Probate Code, could have, in the event the facts warranted, (1) approved and ordered full payment of the

claim out of the assets of the estate; (2) approved a settlement compromising the claim and ordered the amount agreed upon paid out of the assets of the estate; (3) set the claim for trial and tried the issues involved in the manner provided by the code for the trial of claims against an estate and upon a finding for the claimant ordered the amount found to be due such claimant paid out of the assets of the estate. In the preparation of such order, the court should make sure that such payment out of the general assets of the estate does not increase the share of the distributees entitled to such encumbered assets and that the lien against the real estate is fully released.

Apparently it is the intent and purpose of the code to provide a way to settle all such secured claims in a simple and convenient manner and as a part of the administration of the estate without resort to suits to foreclose such liens in a civil court or other forms of expensive litigation. Anyone desiring to take advantage of these provisions of the code must follow the procedure provided in the code. See §§7-818, 7-819 and 7-820, Burns', 1953 Repl.

By reason of what we have heretofore stated, the judgment must be reversed. In view of the conclusion reached, it is unnecessary to discuss other alleged errors.

Judgment reversed with instructions to the Marion Probate Court to vacate the judgment heretofore entered in said cause, and to sustain the appellants' motion for a new trial.

Myers, J., Ryan, C. J., concur.

Ax, J., concurs in result.

## ON PETITION FOR REHEARING

COOPER, J.—This matter is now before us on the appellee's petition for rehearing in which they con-

tend, in substance, that the decision of the court is erroneous in holding (1) that the Marion County Probate Court does not have jurisdiction over the foreclosure of a mechanic's lien when an Executor of an estate is made the party defendant to such action under §4-2910 (Sixth clause); also, (2) that the opinion infers that the Marion County Probate Court is not a civil court of general jurisdiction when such court is a court of record and of general jurisdiction as provided in the statute creating such court, and, as such, has jurisdiction over the foreclosure of mechanic's liens, and (3) that the decision of the court is erroneous in holding that an action to foreclose a mechanic's lien cannot be treated as a claim in an estate, when such could be treated as a claim and the judgment of the trial court corrected in this regard.

The appellee presents nothing for our consideration in item three, as above set forth, in his petition for rehearing, because our opinion does not infer, or hold, what the appellee attempts to contend.

In order that there be no misunderstanding and to clear up any ambiguity which might exist, we shall answer the first and second specifications.

It is apparent by the record before us that the appellee tried to circumvent the special statute relating to the foreclosure of mechanic's liens wherein the legislature specifically stated that such matters must be brought in the Superior or Circuit Court by bringing said proceedings against Michael P. Matracia, as Executor of the estate of Mary Demma, and James L. Johnson, who, the record reveals to be the contractor, in the Marion County Probate Court.

The statute relating to the foreclosure of mechanic's liens creates new rights wholly unknown to the

common law. In the recent case of *State ex rel. Mar. C. Pl. Comm.* v. *Mar. S. C. et al.* (1956), 235 Ind. 607, 609, 135 N. E. 2d 516, our Supreme Court, in discussing new rights and/or remedies wholly unknown to the common law, stated:

"The remedies therein prescribed are exclusive. In such case, the requirements of the statute as to the court where the remedy is to be had, and the time and manner asserting the rights, are mandatory and jurisdictional. *Great Western Life, etc. Co.* v. *State ex rel. Honan* (1913), 181 Ind. 28, 33, 102 N. E. 849, 103 N. E. 843; *Slinkard* v. *Hunter* (1936), 209 Ind. 475, 479, 199 N. E. 560; *Gossard* v. *Vawter* (1939), 215 Ind. 581, 585, 21 N. E. 2d 416; *Ettinger* v. *Robbins* (1945), 223 Ind. 168, 172, 59 N. E. 2d 118; *State ex rel. Gary Taxpayers Assn.* v. *Lake Superior Court* (1947), 225 Ind. 478, 493, 76 N. E. 2d 254; *supra*; *State ex rel. Wever* v. *Reeves* (1951), 229 Ind. 164, 169, 96 N. E. 2d 268; *State ex rel. Mid-West Ins. Co.* v. *Superior Court of Marion County* (1952), 231 Ind. 94, 100, 106 N. E. 2d 924; *Ballman* v. *Duffecy* (1952), 230 Ind. 220, 228, 102 N. E. 2d 646; *Wedmore* v. *State* (1954), 233 Ind. 545, 549, 122 N. E. 2d 1."

The foregoing rule also applied to the foreclosure of mechanic's liens.

In an action to foreclose a mechanic's lien, the owners of the property, either legal or equitable, and all others who acquire any right, title or interest in said real estate prior to the time suit is commenced, are necessary parties in order for the court to have jurisdiction over the real parties in interest of the controversy. See *Krotz* v. *A. R. Beck Lumber Co.* (1905), 34 Ind. App. 577, 73 N. E. 273. As we have pointed out, for some reason unknown to us, and we are sure the same applied to the trial court, the only party defendant in this cause is the Executor

of the last will and testament of the decedent and the contractor.

We find under the new Probate Code, §7-701, Burns' 1953 Replacement, the personal representative takes only possession of the real property and not title. See also §7-123, Burns' 1953 Replacement. Such personal representative may properly be made a defendant in order to determine his interest, if any, but would not be a necessary party in interest, unless it is averred and shown that it was necessary for said personal representative to sell said property, upon which said lien exists, to pay the debts of said decedent. See §7-816, Burns' 1953 Replacement. The lien being enforceable in equity against the heirs of such decedent.

Under §7-123, Burns', *supra*, and, also the decisions of our Supreme Court, it is the general rule that title to a decedent's real estate vested immediately and absolutely in his heirs; the administrator had no power whatever over it; under the present law he takes possession of the real estate. If the personal estate was insufficient to pay debts, an unpaid claim was treated as a lien upon the land which the claimant could enforce in a suit of equity against the heirs. *Coats* v. *Veedersburg State Bank* (1941), 219 Ind. 675, 680, 38 N. E. 2d 243; see, also, *Beach et al.* v. *Bell et al.* (1894), 139 Ind. 167, 169, 38 N. E. 819. We also note that in the probate commission's comments relating to the foregoing section of §7-701, Burns', *supra*, that a personal representative "takes title to the personal property but not to the real estate, the same as under the present law".

The Marion Probate Court being a creature of the legislature has only such jurisdiction as is granted

it by the statute creating it and such powers as are necessarily implied to enable it to function as a probate court.

In reviewing the Acts creating the Marion County Probate Court, which the Legislature passed in 1907, we find that §16, the same being §4-2916, Burns' 1946 Replacement, Part 2, reads as follows:

"Said court shall be a court of record and of general jurisdiction, and its judgments, decrees, orders and proceedings shall have the same force and effect as those of the circuit court, and shall be enforced in the same manner."

By this provision it was not meant to confer upon the Marion Probate Court jurisdiction to try cases not enumerated in §10 of the Act, being §4-2910, Burns' 1946 Replacement, Part 2, reading as follows:

"Said probate court, within and for the county for which it is organized, shall have original, exclusive jurisdiction in all matters pertaining to the probate of wills, the appointment of guardians, assignees, executors, administrators and trustees, and to the administration and settlement of estates of minors, persons of unsound mind, aged, infirm and improvident persons, habitual drunkards, insolvents and deceased persons, and of trusts, assignments, adoptions and surviving partnerships, and all other probate matters, and shall have concurrent jurisdiction in the following matters:

First. Proceedings in partition.

Second. Applications for the appointment of receivers and actions against corporations by either creditors or stockholders, or both.

Third. Applications for writs of habeas corpus.

Fourth. Proceedings to resist probate of wills and proceedings to contest wills.

Fifth. Complaints to contsrue wills and to dissolve trusts.

Sixth. All actions by and against executors, administrators, guardians, assignees and trustees."

In the case of *State ex rel. Bradshaw* v. *Probate Ct.* (1947), 225 Ind. 268, at 278, 73 N. E. 2d 769, the late Judge Starr, in a dissenting opinion on a question not excepted to by the main opinion in construing the two foregoing sections relating to jurisdiction of the Marión Probate Court, stated:

"It is true that §4-2916, Burns' 1946 Replacement, Part 2, provides that the probate court is a court of *general jurisdiction. But by this provision it was not meant to confer upon this court jurisdiction to try cases not enumerated in said §4-2910.* What was meant is that the probate court is vested with all the powers of any court of record when disposing of any matter of which the statute gives it jurisdiction. *Doe on the Demise of Hain and Others* v. *Smith* (1849), 1 Ind. 451." (Our emphasis)

Our court, in discussing probate courts and their jurisdiction, in the case of *Fidelity & Cas. Co.* v. *State ex rel. Anderson* (1933), (T.D. 1934), 98 Ind. App. 485, at 497, 184 N. E. 916, stated:

"Probate courts have no common law jurisdiction. The nature, extent, and exercise of their jurisdiction depends upon the terms and breadth of the constitutional or statutory grant. *They cannot exercise any powers other than those which have been expressly conferred or are necessarily implied from those expressly conferred. Their powers are not to be extended by construction or unnecessary implication.*" (Our emphasis)

The Supreme Court, in discussing jurisdiction of the subject matter in trial courts and jurisdiction of probate courts in general, in the case of *Wedmore* v.

*State* (1954), 233 Ind. 545, at 549, 122 N. E. 2d 1, stated:

"When there is a lack of jurisdiction of the subject-matter in the trial court, the jurisdictional question may be raised at any time before final decision and in any manner and if not raised by a party it is our duty *sua sponte* to raise and determine it. *State ex rel. Ayers* v. *Ewing, Judge* (1952), 231 Ind. 1, 10, 106 N. E. 2d 441, and cases there cited.

"Probate, in American law, is now a general name or term used to include all matters of which probate courts have jurisdiction. Black's Law Dictionary, p. 1428, Bouvier's Law Dictionary-Rawles Third Revision, p. 2728; *Johnson* v. *Harrison* (1891), 47 Minn. 575, 28 Am. St. Rep. 382; see also *Ingraham* v. *Baum* (1918), 136 Ark. 101, 206 S. W. 67, 68.

"For many years it has been the law that:

'Probate courts are creatures of the law whose basic jurisdiction is to administer justice in matters relating to decedents' estates . . . The jurisdiction exercised by probate courts is commonly referred to as probate jurisdiction . . . Their jurisdiction is, of course, purely civil and in the settlement of estates it is primarily *in rem.* 21 C. J. S.—Courts, Secs. 298, 300.'

"Being a creature of the legislature the St. Joseph Probate Court has such jurisdiction only as is granted by the statutes creating it, *and such powers as are necessarily implied to enable it to function as a probate court. Fidelity & Casualty Co.* v. *State ex rel. Anderson* (1933), 98 Ind. App. 485, 497, 184 N. E. 916, *supra; State ex rel. Bradshaw* v. *Probate Court* (1947), 225 Ind. 268, 272, 73 N. E. 2d 769." (Our emphasis)

In the foregoing case, at p. 550, our Supreme Court also stated:

"To ascertain the legislative intent we must consider the entire statute and the object sought to be attained thereby. The intention of the lawmaker constitutes the law. *State ex rel. Rogers*

v. *Davis, Judge* (1951), 230 Ind. 479, 482, 104 N. E. 2d 382; *Haynes Automobile Co.* v. *City of Kokomo* (1917), 186 Ind. 9, 12, 114 N. E. 758; *Thorn* v. *Silver* (1910), 174 Ind. 504, 515, 89 N. E. 943, 92 N. E. 161; *City of Lebanon* v. *Dale* (1943), 113 Ind. App. 173, 178, 46 N. E. 2d 269."

The legislature by §43-705, Burns' 1952 Replacement, Part 2, states in unequivocal terms that any person may bring his action to foreclose a mechanic's lien by filing his complaint in a circuit or superior court in the county where said real estate, or property is situated.

This court in the case of *Grimm et al.* v. *Rhoades et al.* (1958), (T. D.), 129 Ind. App. 1, 7, 149 N. E. 2d 847, stated:

". . . the mechanic's lien law of this state creates new rights of purely statutory origin. The statutes providing for the lien and its enforcement are in derogation of the common law and must be strictly construed and anyone who seeks their benefit must bring himself within their provisions. *Puritan Engineering Corp.* v. *Robinson, Tr.* (1934), 207 Ind. 58, 191 N. E. 141; *Watson* v. *Strohl* (1943), 220 Ind. 672, 46 N. E. 2d 604; *Shipman Exr.* v. *Shipman Gdn.* (1934), 99 Ind. App. 445, 192 N. E. 849."

We find the general rule of law well stated in the case of *City of Ft. Wayne* v. *Bishop* (1950), 228 Ind. 304, at 311, 92 N. E. 2d 544, as follows:

"Where the legislature creates a right and prescribes the method whereby the right may be enforced the statutory remedy so provided is exclusive. *Lang* v. *Scott* (1825), 1 Blckf. 405, 435, 12 Am. Dec. 257; *Ryan et al.* v. *Ray et al.* (1886), 105 Ind. 101, 106, 4 N. E. 214; *Wilmont* v. *City of . . South Bend* (1943), 221 Ind. 538, 543, 48 N. E. 2d 649; *Ettinger* v. *Robbins* (1945), 223 Ind. 168, 59 N. E. 2d 118; *Hinkle* v. *Howard* (1947), 225 Ind. 176, 178, 73 N. E. 2d 674, 675; *New York, Chicago*

*and St. Louis Railroad Company* v. *Zumbaugh*
(1895), 12 Ind. App. 272, 279, 39 N. E. 1058;
*Board of Comrs.* v. *Adler et al.* (1922), 77 Ind.
App. 296, 300, 301, 133 N. E. 602; *City of Lebanon*
v. *Dale* (1943), 113 Ind. App. 173, 176, 177, 46
N. E. 2d 269." See also *State ex rel. Mar. C. Pl.
Comm.* v. *Mar. S. C. et al., supra.*

From the authorities we have heretofore cited, it
is apparent, in our opinion, that the Marion Probate
Court did not have jurisdiction in this particular cause
and its proceedings in the matter are not merely
erroneous, but were, in all respects, void.

The petition for rehearing is denied.

Ax, J., Myers, J., Ryan, C. J., concur.

NOTE.—Reported in 178 N. E. 2d 455. Rehearing de-
nied 181 N. E. 2d 253.