WILL *v.* P.S.C.I., EVANSVILLE CITY TRANSIT, INC.

[No. 967A68. Filed May 1, 1969. No petition for rehearing filed.]

*Alki E. Scopelitis, Donald W. Smith,* and *Smith, Minton & Scopelitis,* of counsel, all of Indianapolis, for appellant.

*John J. Dillon,* Attorney General, for appellee, Public Service Commission of Indiana.

*Harry J. Harmon, Kriner & Harmon* and *Frank E. Spencer,* all of Indianapolis, for appellee, Evansville City Transit, Inc.

HOFFMAN, J.—This is an action for review of a decision of the Public Service Commission of Indiana. A complaint was filed by the appellee-Evansville City Transit, Inc.[1] with the

---

1. Hereinafter referred to as "appellee-transit."

Public Service Commission of Indiana alleging, *inter alia,* that appellant, Andrew P. Will, was operating motor vehicles in the transportation of passengers over all city streets in the City of Evansville, Indiana, and to and from Rex Mundi High School, in violation of the terms of appellant's Certificate of Convenience and Necessity No. 3184-A, 1, issued June 27, 1946; that appellant was not authorized to transport passengers over regular routes in daily service and for individual fares; and praying that appellant be required to show cause why his Certificate No. 3184-A, 1, should not be revoked for performance of an operation not authorized by such certificate, and that after hearing such certificate should be revoked.

On November 22, 1966, a hearing was held before an Examiner of the Public Service Commission.

Subsequently, on June 23, 1967, the Commission, with one member dissenting, entered its order completely revoking the certificate of appellant.

Appellant then timely filed a petition which was entitled, "Petition for Reconsideration and Oral Argument" with the Public Service Commission, pursuant to the rules of the Commission as hereinafter set out. The Public Service Commission denied this petition and appellant then filed his appeal within 30 days from such denial. The sole error assigned is that the decision, ruling and order of the Public Service Commission is contrary to law.

The evidence in the record before us discloses that appellee-Transit had served the Rex Mundi area until the fall of 1966, at which time it was informed that its services would no longer be required. Rex Mundi officials then entered into an agreement with the appellant for school bus service. Rex Mundi agreed to pay appellant $15 per day, per bus, and asserted that they would be responsible for setting up and collecting fares from the school students for bus service.

Testimony was offered in behalf of the appellant to the effect that, as an aid to the school, the bus drivers collected tokens or tickets, and in some cases the 25¢ fare, all of which was on behalf of the school. This testimony was unrebutted.

There was further evidence that the drivers had accepted fares from non-student passengers—namely, employees of a detective agency hired for just such a purpose.

A State Police Corporal with the Motor Carrier Section was assigned to investigate the complaint of appellee-Transit, and after his investigation *he requested the officials of Rex Mundi* to stop using the buses of appellant since, in his opinion, they were being operated illegally.

Appellee-Transit filed herein, on February 21, 1968, a motion to dismiss, and the same, by order of February 26, 1968, was held in abeyance.

Acts 1957, ch. 189, § 1, p. 395, § 54-443, Burns' 1968 Cum. Supp., and Acts 1957, ch. 189, § 2, p. 395, § 54-444, Burns' 1968 Cum. Supp., provide for judicial review of final decisions, rulings and orders of the Public Service Commission of Indiana.

Section 54-443, *supra,* provides as follows:

"Any person, firm, association, corporation, city, town or public utility adversely affected by any final decision, ruling, or order of the public service commission of Indiana, may, within thirty [30] days from the date of entry of such decision, ruling, or order, appeal to the Appellate Court of Indiana for errors of law under the same terms and conditions as govern appeals in ordinary civil actions, except as otherwise herein provided, and with the right in the losing party or parties in the Appellate Court to apply to the Supreme Court for a petition to transfer the cause to said Supreme Court as in other cases. An assignment of errors that the decision, ruling or order of the commission is contrary to law shall be sufficient to present both the sufficiency of the facts found to sustain the decision, ruling or order, and the sufficiency of the evidence to sustain the finding of facts upon which it was rendered."

Section 54-444, *supra,* provides as follows:

"If a petition for rehearing is filed with the commission by any party to the proceeding before the commission, within the time allowed by the rules of the commission, and prior to the filing of the commission record with the clerk of the Supreme and Appellate Courts, the right to appeal to the Appellate Court as herein provided shall terminate thirty [30] days after the determination by the commission of [on] such petition for rehearing. The appeal shall not be submitted prior to that determination of the petition for rehearing, and the decision of the commission on said petition shall not be assigned as error unless the final decision, ruling or order of the commission is modified or amended thereby, without further hearing ordered."

Acts 1913, ch. 76, § 50, p. 167, § 54-401, Burns' 1951 Repl., giving the Commission the power to adopt reasonable rules and regulations, provides as follows:

"The commission shall have power to adopt reasonable and proper rules and regulations relative to all inspections, tests, audits and investigations, and to adopt and publish reasonable and proper rules to govern its proceedings, and to regulate the mode and manner of all investigations of public utilities and other parties before it.

"All hearings shall be open to the public."

The Public Service Commission of Indiana adopted the following rule:

"(54-401)-20. Petitions for rehearing, reconsideration of further hearing. (a) A petition for rehearing after the entry of an order or for further hearing before the entry of an order shall be in writing and shall state specifically the grounds relied upon.

(b) If the petition seeks leave to introduce additional evidence, it shall set forth the nature and purpose of the evidence to be introduced, shall show that such evidence will not be merely cumulative and shall be verified or supported by affidavit.

(c) Briefs in support of the petition may be filed and may be included under the same cover.

(d) If a petition for rehearing is filed, it shall be filed within twenty [20] days after the entry of the order, unless an applicable statute shall specifically fix a longer period.

(e) A petition for reconsideration filed under the provisions of the Motor Carrier Act [Burns' Stat., §§ 47-1211—47-1250], shall be in writing and shall state specifically the reasons for reconsideration. [Pub. Serv. Comm., Practice and Procedure, Cause No. 30579, Rule XX, adopted Oct. 30, 1964, filed Nov. 30, 1964.]

Appellee-Transit contends that since appellant filed what was entitled, "Petition for Reconsideration and Oral Argument" this appeal should be dismissed because the appeal was not timely under § 54-443, *supra*. Section 54-444, *supra*, provides that if a petition for rehearing is filed *no appeal shall be submitted* prior to the ruling on such petition. The parties then have 30 days to file their appeal. The purpose of this section of the statute is to give the Public Service Commission an opportunity to correct any error which might have been made before the matter is brought to the courts for review.

This court has said on many occasions,

". . . the character and nature of a pleading is determined from the contents rather than from the title, and it is the substances of the pleading that is controlling." Citing authorities.) *Demma et al. v. Forbes Lumber Co.*, 133 Ind. App. 204, 215, 178 N. E. 2d 455 (1961).

The rules of the Commission, above set out, provides that a petition for rehearing shall be in writing and shall state specifically the grounds relied upon. The petition filed by appellant was in writing and stated *specifically* the grounds relied upon. It brought to the attention of the Commission alleged errors which, if found to be incorrect, could have been corrected.

The petition filed by appellant was within the rules of the Commission and was, in fact, a petition for rehearing as con-

templated by § 54-444, *supra.* The motion to dismiss heretofore held in abeyance is hereby overruled.

Appellant asserts that the order of the Public Service Commission revoking his certificate is contrary to law for the following reasons:

1. That the Commission failed to interpret his Certificate No. 3184-A, 1, in light of a prior permit, 821-B, 1, and did not define "special and charter service."

2. That the Commission failed to find appellant was "wilfully" violating the law as is required by Acts 1935, ch. 287, § 23, p. 1412, § 47-1233, Burns' 1965 Repl.

3. That complete revocation was too harsh a punishment in view of the discretionary power of the Public Service Commission to amend, partially revoke, or revoke his certificate.

The Act under consideration here is Chapter 287, § 6, p. 1412, of the Motor Carrier Act of 1935, § 47-1216, Burns' 1965 Repl.

Section 47-1216, *supra,* provides in pertinent part:

"That nothing herein shall prevent the commission from canceling or revoking any such certificates for cause as otherwise in this act provided."

The "otherwise . . . provided" is found in Acts 1935, ch. 287, § 23, p. 1412, § 47-1233, Burns' 1965 Repl., *supra,* which reads as follows:

"Any certificate or permit, upon application of the holder thereof, in the discretion of the commission, may be amended or revoked in whole or in part, or may, upon complaint or on the commission's own initiative, after notice, and hearing, *be suspended, changed or revoked in whole or in part for wilful failure to comply with any provision of this act* [§§ 47-1211—47-1250], or with any lawful order, rule or regulation prescribed by the commission, or with any term, condition or limitation of such certificate or permit." (Emphasis supplied.)

Section 47-1233, *supra,* contemplates the necessity of a "wilful failure to comply", prior to disciplinary proceedings being imposed, and consequently the Public Service Commission is under a duty to make such a finding pursuant to the statutory requirement.

The failure to make such a finding is reversible error since it is an essential element necessary to a determination by the Commission to revoke the certificate.

The Public Service Commission made no specific finding of "wilfulness" in their findings and order.

The only reasonably inferences of "wilfulness" which can be drawn from the findings and order of the Commission are derived from the following finding:

"5. That Respondent has continued to perform service after being notified by the Enforcement Division of the Commission that he was in violation of the Motor Carrier Act of 1935 and should discontinue said operations."

This finding was predicated upon the paraphrasing of the testimony of Corporal Carr of the Indiana State Police found on page 3 of the findings and order of the Public Service Commission:

"He stated that he had informed Respondent and Reverend Meany at the Rex Mundi High School that the operation was illegal and that they should quit using Respondent's buses."

The actual testimony of Corporal Carr was as follows:

"Q  Now, did you also have a conversation in line with your investigation with Reverend Meany at the Rex Mundi High School?

"A  Yes, sir. I went out and told him in my opinion it was an illegal operation and we asked that they quit using these buses."

At no place in the record before us is there evidence that

appellant—Will was informed that his operation was illegal until the complaint was filed.

Since the finding of the Public Service Commission implied "wilfulness" from Will's alleged refusal to obey Corporal Carr's order, and since the record is devoid of any evidence to substantiate Finding No. 5, that finding was erroneous.

Without finding that appellant was wilfully violating the law, the Commission nevertheless exercised the harshest discipline available to it—complete revocation of appellant's certificate.

Appellee-Transit having failed to sustain its burden of showing that appellant was in wilful violation of his certificate in the hearing before the Public Service Commission, the decision of the Public Service Commission is contrary to law and must, therefore, be reversed.

The decision of the Public Service Commission is reversed and this cause remanded to the Public Service Commission with instructions to reinstate appellant's certificate.

Appellee-Transit's motion to dismiss is overruled. Decicion reversed with instructions. Costs taxed to appellees.

Pfaff, C.J., Lowdermilk, P.J., Carson, Cooper, Sharp and Sullivan, J.J., concur.

White, J., not participating.

Note.—Reported in 247 N. E. 2d 98.